**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

RECEIVED

2007 OCT 15  A 10: 21

DEBRA P. HACKETT CLK
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| **DAVID ALLEN TEBBETTS and CYNTHIA INGRAM TEBBETTS,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **CIVIL ACTION NO.** |
| **BLUE CROSS BLUE SHIELD OF ALABAMA; CARECORE NATIONAL, LLC and JANE DOE 1-10,** | ) ) ) ) | 2:07 cv 925 - MEF |
| **Defendants.** | ) ) | |

<u>**NOTICE OF REMOVAL**</u>

Defendant Blue Cross and Blue Shield of Alabama ("Blue Cross"), with consent of co-defendant CareCore National, LLC ("CareCore"), removes this case to the United States District Court for the Middle District of Alabama, Northern Division. This Court has federal question jurisdiction because Plaintiffs seek relief regarding the alleged denial of health benefits under an employee welfare benefits plan governed by Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 <u>et seq</u>. In support of this Notice of Removal, Blue Cross states as follows:

1.     Defendants have been sued in a civil action filed in the Circuit Court of Montgomery County, Alabama, Civil Action Number CV 07-900620. The documents attached hereto as Exhibit "A" constitute all of the pleadings and process and other papers served upon Defendants in this action to date. This Notice of Removal is filed within the time limit for removal of civil actions pursuant to 28 U.S.C. § 1446.

935631.1

2.     The complaint seeks relief regarding the alleged denial of coverage for a CT scan under the terms of a group health insurance policy issued by Blue Cross to the Medical Association of the State of Alabama ("MASA") called the Medical Assistants' Plan.    The Complaint alleges that plaintiff David Tebbetts was covered under a group health insurance policy issued by Blue Cross to MASA by virtue of his wife's employment.  Relying on theories of breach of contract, bad faith, negligence, wantonness, loss of consortium, fraud, fraudulent suppression and conspiracy, plaintiffs allege that defendants improperly denied approval of a CT scan which ultimately resulted in damages to plaintiff David Tebbetts.

3.     Montgomery Imaging Center is the employer of plaintiff Cynthia Tebbetts and is an entity engaged in commerce or is in an industry or activity affecting commerce within the meaning of 29 U.S.C. § 1003(a)(1).  See Declaration of Patricia Foshee, attached as Exhibit "B." Montgomery Imaging Center provides group health benefits to its eligible employees and their dependents by participating in the Medical Assistants' Plan.  Id.  Montgomery Imaging Center participates as division I-77 under the Medical Assistant's Plan.  Id.  Montgomery Imaging Center selected this plan as the sole health benefits coverage for its employees, established eligibility requirements for its employees to participate in the plan, and pays 100% of the individual premium for its eligible employees that participate in the coverage.  Id.  The provision of benefits by Montgomery Imaging Center to its employees in this manner constitutes the establishment and/or maintenance of an employee welfare benefit plan within the meaning of 29 U.S.C. §1002(1) of ERISA.  Kemp v. Int'l Business Machines Corp., 109 F.3d 708 (11th Cir. 1997).

4.     This action is removable to this Court pursuant to 28 U.S.C. §1441(b) because this case meets the test for complete preemption set forth in Butero v. Royal Maccabees Life Ins.

Co., 174 F.3d 1207, 1212-13 (11th Cir. 1999) (complete preemption, and therefore removal

jurisdiction, exists when (1) a relevant ERISA plan exists, (2) plaintiff has standing to sue under

that plan, (3) the defendant is an ERISA entity, and (4) the Complaint seeks compensatory relief

akin to that available under 29 U.S.C. 1132(a)). [1]

      5.    All of the Butero elements for complete preemption are satisfied in this case.

First, by providing group health benefits to its employees for their benefit and the benefit of their

dependents, and by funding those group health benefits through participation as division I-77 in

the Medical Assistants' Plan, Montgomery Imaging Center established and maintains an ERISA-

governed group health benefits plan.  See Foshee Declaration.  Second, Ms. Tebbetts is a

participant in the plan and Mr. Tebbetts is a beneficiary; therefore, both possess the requisite

ERISA standing to sue under ERISA's civil enforcement provisions.  29 U.S.C. § 1132(a)(1)

(civil actions under ERISA may be brought by a "participant" or "beneficiary").  Third, Blue

Cross and CareCore are ERISA entities.  Blue Cross both insures and administers claims under

the Medical Assistants' Plan, thus exercising discretionary authority and control over the

Medical Assistants' Plan.  CareCore is a radiology benefit management company that, among

other things, assists Blue Cross in administering benefits for radiology services under the

Medical Assistants' Plan. Both defendants therefore qualify as ERISA entities. See Butero, 174

---

[1] Plaintiffs seek to head off complete preemption under ERISA by citing in the complaint McCaslin v. Blue Cross and Blue Shield of Alabama, 779 F. Supp. 1312, 1316 (N.D. Ala. 1991), for the proposition that MASA is not an employer or an employee organization for the purpose of establishing an ERISA-governed plan.  Blue Cross does not contend that MASA is an employer or an employee organization.  MASA is merely the association that makes available coverage under the Medical Assistants' Plan.  Plaintiff's employer, Montgomery Imaging Center, is the employer who availed itself of that coverage and established division I-77 under the Medical Assistants' Plan so that it might provide group health benefits to its employees, including Cynthia Tebbetts.  This is a much different fact scenario from McCaslin.  The issue in McCaslin was whether plaintiff McCaslin was an employee of MASA within the meaning of ERISA.  The Court found that ERISA was not applicable since McCaslin was a self-employed physician.  Cynthia Tebbetts is an employee of Montgomery Imaging Center under ERISA.

F.3d at 1213 (concluding that life insurance company that controlled the payment of benefits and the determination of rights under the life insurance plan was and ERISA entity). Finally, the complaint seeks the payment of benefits under the plan (Complaint, Count I at ¶¶ 24-28), relief that is available under ERISA. 29 U.S.C. § 1132(a).

6.     Plaintiffs' claims all relate to the administration of an ERISA-governed employee welfare benefit plan within the meaning of 29 U.S.C. §1144(a) and fall within ERISA's civil enforcement mechanism, 29 U.S.C. §1132(a)(1)(B). Engelhardt v. Paul Revere Ins. Co., 139 F.3d 1346, 1354 (11th Cir. 1998)

7.     This Court has original federal question jurisdiction over the claims asserted against Defendants pursuant to 28 U.S.C. § 1331 and concurrent jurisdiction under 29 U.S.C. § 1132(e)(1).

8.     This action is removable to this Court pursuant to 28 U.S.C. § 1441(b) because the claims against Defendants fall within the exclusive federal remedies available to participants and beneficiaries of ERISA plans and, therefore, are completely preempted. See 29 U.S.C. §§ 1132(a) and 1144(a).

9.     A true and correct copy of this Notice of Removal have been provided to Plaintiffs, by and through their counsel of record, as required by 28 U.S.C. § 1446(d).

10.     A true and correct copy of this Notice of Removal has been filed with the Clerk of the Circuit Court of Montgomery County as required by 28 U.S.C. § 1446(d).

11.     CareCore National, LLC, the only other named co-defendant, has consented to this removal. 28 U.S.C. § 1446(a). A copy of its consent is attached hereto as Exhibit "C".

DATED this 12 day of October, 2007.

_Cavender C Kimble_

Cavender C. Kimble
Leigh Anne Hodge
Attorneys for Blue Cross and Blue Shield of
Alabama

**OF COUNSEL:**
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 488-5860
E-mail: ckimble@balch.com

## CERTIFICATE OF SERVICE

I hereby certify that I hereby certify that I have mailed by United States Postal Service a

copy of the foregoing document to the following this the 12 day of October, 2007.

M. Clayborn Williams
Thomas O. Sinclair
Jennifer C. Wallis
CAMPBELL, GIDIERE, LEE, SINCLAIR
    & WILLIAMS, P.C.
2100-A Southbridge Parkway, Suite 450
Birmingham, Alabama 35209

Bruce Rogers
Rebecca Eubanks
BAINBRIDGE, MIMS, ROGERS
    & SMITH, LLP
415 The Luckie Building
600 Luckie Drive
P.O. Box 530886
Birmingham, AL 35223

_Cavender C Kimble_

OF COUNSEL

# EXHIBIT A

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | **SUMMONS**<br>- CIVIL - | **Case Number:**<br>03-CV-2007-900620.00 |
|---|---|---|

### IN THE CIVIL COURT OF MONTGOMERY, ALABAMA
### DAVID ALLEN TEBBETTS ET AL v. BLUE CROSS BLUE SHIELD OF ALABAMA ET AL

**NOTICE TO**   BLUE CROSS BLUE SHIELD OF ALABAMA, C/O A. G. TILL, REG. AG. 450 RIVERCHASE PARKWAY E., BIRMINGHAM AL, 35244

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY MILES WILLIAMS

WHOSE ADDRESS IS 2100-A SOUTHBRIDGE PARKWAY, SUITE 450, BIRMINGHAM AL, 35209

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    DAVID ALLEN TEBBETTS
   pursuant to the Alabama Rules of the Civil Procedure

9-14-07
~~9/18/2007 4:50:33 PM~~

| Date | /s MELISSA RITTENOUR<br>Clerk/Register | By |
|---|---|---|

☑ Certified mail is hereby requested    /s MILES WILLIAMS

Plaintiff's/Attorney's Signature

---

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

Date          Server's Signature



RECEIVED

SEP 1 3 2007

LEGAL DEPT.

GREY TILL
SEP 1 3 2007
VICE PRESIDENT AND
GENERAL COUNSEL

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br>03-CV-2007-900620.00 |
| --- | --- | --- |

### IN THE CIVIL COURT OF MONTGOMERY, ALABAMA
### DAVID ALLEN TEBBETTS ET AL v. BLUE CROSS BLUE SHIELD OF ALABAMA ET AL

**NOTICE TO**   CARECORE NATIONAL, LLC, 169 MYERS CORNERS ROAD, WAPPINGER FALLS NY, 12590

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY MILES WILLIAMS

WHOSE ADDRESS IS 2100-A SOUTHBRIDGE PARKWAY, SUITE 450, BIRMINGHAM AL, 35209

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   DAVID ALLEN TEBBETTS
   pursuant to the Alabama Rules of the Civil Procedure

9-14-07

9/10/2007 4:50:33 PM          /s MELISSA RITTENOUR

Date                                    Clerk/Register                                              By

☑ Certified mail is hereby requested      /s MILES WILLIAMS

                                          Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama or _____

Date                         Server's Signature



ELECTRONICALLY FILED
9/10/2007 4:50 PM
CV-2007-900620.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

## CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| DAVID ALLEN TEBBETTS and | ) | |
| CYNTHIA INGRAM TEBBETTS | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO: CV-07-900620 |
| | ) | |
| BLUE CROSS BLUE SHIELD OF | ) | JURY TRIAL REQUESTED |
| ALABAMA and CARECORE | ) | |
| NATIONAL, LLC | ) | |
| | ) | |
| Defendants. | ) | |

### COMPLAINT

COME NOW the Plaintiffs, David Allen Tebbetts and Cynthia Ingram Tebbetts, and hereby file this Complaint against the above-named Defendants, showing the Court the following:

### PARTIES

1.    Plaintiff David Allen Tebbetts is an Alabama citizen residing at 1552 Kimberly Lane, in Prattville, Alabama. At all times relevant hereto, Mr. Tebbetts has been insured under a "Group Health Care Plan" issued by Defendant BlueCross BlueShield of Alabama and upon information and belief administered in part by Defendant CareCore National, LLC.

2.    Plaintiff Cynthia Ingram Tebbetts is an Alabama citizen residing at 1552 Kimberly Lane, in Prattville, Alabama. At all times relevant hereto, Mrs. Tebbetts has been insured under a "Group Health Care Plan" issued by Defendant BlueCross BlueShield of Alabama and upon information and belief administered in part by Defendant CareCore National, LLC, and has paid premiums for said policy through payroll deduction. At all times relevant hereto, Mr. Tebbetts and Mrs. Tebbetts have been husband and wife.

1

3.     Defendant BlueCross BlueShield of Alabama ("BCBS") is an Alabama corporation with its principal place of business in Birmingham, Alabama. BCBS issued the policy that is the subject of this Complaint, and provides health insurance to Mr. Tebbetts under the policy at issue in this action.

4.     Defendant CareCore National, LLC ("CareCore") is a New York Limited Liability Company with its principal place of business in Wappingers Falls, New York. Jurisdiction exists over CareCore because of its administration and handling of claims on behalf of BCBS throughout Alabama, and the administration and handling of Plaintiff's claim in particular.

5.     Defendant Does 1 through 10, whose true names and capacities are presently unknown to the Plaintiffs and whose identities are not otherwise known to the Plaintiffs, are those individuals or entities with whom BCBS contracted, or whom BCBS otherwise used to designated to act on its behalf, in the administration and handling of claims throughout Alabama, and Plaintiff's claim in particular. Plaintiffs are informed and believe, and thereupon allege, that each of the Defendants designated herein as a "Doe" are legally responsible for the events hereinafter alleged, and proximately causes or contributed to the injuries and damages set forth herein. When the true and correct identities of said Doe Defendants are known , Plaintiffs shall timely amend their Complaint.

6.     On information and belief, BCBS delegated certain claims handling and claims administration functions for the Plaintiff's policy to CareCore. CareCore, as BCBS's delegate, agent and co-conspirator, was substantially involved in the denial of the Plaintiff's claim for benefits.

2

## JURISDICTION AND VENUE

7.    This Court has jurisdiction over this case because the amount in controversy exceeds the jurisdictional minimum of this Court and because the acts and omissions that are the subject of this Complaint occurred in this Circuit.

8.    Venue is proper in this Circuit pursuant to § 6-3-7, Ala. Code (1975).

9.    The matters complained of herein do not fall within the preemptive scope of the Employee Retirement Income Security Act ("ERISA") because medical insurance purchased by members of MASA through the Medical Association of the State of Alabama Group Health Care Plan are excluded from the preemptive scope of ERISA. *See McCaslin v. Blue Cross and Blue Shield of Alabama*, 779 F.Supp. 1312, 1316 (N.D. Ala. 1991) (holding that MASA is not an "*employer* nor is it an *employee* organization established for the benefit of its *employee* members within the meaning of ERISA" and therefore health insurance plans offered to MASA members through MASA do not fall within the preemptive scope of ERISA).

10.    Plaintiff asserts no claim pursuant to any federal law or statute.

## FACTS

11.    Plaintiff David Tebbetts was insured under the Medical Association of the State of Alabama Group Health Care Plan at all times relevant hereto.

12.    Mr. Tebbetts obtained his medical insurance through his wife, who was employed by Montgomery Radiology at all times relevant hereto.

13.    The Plaintiff's wife was not employed by the Medical Association of the State of Alabama.

14.    On or about September 13, 2006, Mr. Tebbetts consulted with Dr. Lucius Freeman because of pain he was experiencing in his abdominal area below his ribcage.

3

15.    Dr. Freeman immediately scheduled an appointment on Mr. Tebbetts' behalf with Dr. Daniel M. Daly, a surgeon in Montgomery, Alabama.

16.    After examining Mr. Tebbetts, Dr. Daly, in an exercise of clinical and professional judgment, ordered the performance of a CT scan of Mr. Tebbetts' abdomen, among other things.

17.    Dr. Daly sought pre-approval for the diagnostic procedure on Mr. Tebbetts' behalf from the Defendants, but was turned down based on the Defendants' erroneous determination that the diagnostic test was not warranted.

18.    Mr. Tebbetts' pain increased over the next several days until he passed out and his wife rushed him to Baptist Medical Center East in Montgomery, Alabama.

19.    After his admission, an ultrasound scan and CT scan were performed, revealing that Mr. Tebbetts had a cyst on his pancreas that had cut off the blood flowing out of his spleen, causing his spleen to rupture. His spleen was removed on an emergency basis as a result.

20.    On information and belief, the CT scan that the Defendants refused to approve only days earlier would have detected the problems which ultimately led to Mr. Tebbetts' ruptured spleen in time to prevent the loss of his spleen and head off the severe pain and debilitating long-term health consequences that resulted from the rupture of his spleen.

21.    This failure was due to the Defendants' scheme and conspiracy over one year ago to change the manner in which benefits for CT scans and MRI are pre-approved due to rising healthcare costs. Specifically, on information and belief, Defendant BCBS relied on CareCore to develop and implement new procedures designed to deny pre-approval for benefits to pay for procedures ordered by insureds' treating physicians, even when those procedures clearly were medically necessary as in the case of Plaintiff David Tebbetts. The intent and, in the case of

4

Plaintiff David Tebbetts, the effect of this scheme was to dissuade treating physicians from rendering medically necessary care.

  22. Plaintiff Cynthia Ingram Tebbetts, the holder of the Policy, continued to pay premium through payroll deductions, not knowing of the Defendants' intent not to perform and provide certain benefits after this scheme was implemented, and in doing so, reasonably and justifiably relied on the Defendants' misrepresentations and concealments.

  23. The Defendants' misrepresentation and concealment of these facts continues to this day.

**COUNT ONE**

**(Breach of Contract)**

  24. Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs as if fully set forth herein.

  25. Plaintiff David Tebbetts was covered under the Group Health Care Plan health insurance policy issued by issued by BCBS and administered in part by CareCore.

  26. Plaintiffs performed all obligations required of them under the insurance policy and contract, and no defenses exist to Defendants' failure and refusal to perform under the contracts, as required by the terms of the policy.

  27. Defendants have breached their contractual duties under the Policy by failing and refusing to pay benefits owed the Plaintiff.

  28. As a direct and proximate result of Defendants' breaches, Plaintiff David Tebbetts has suffered, and continues to suffer, substantial damages as previously set forth above.

**WHEREFORE,** premises considered, Plaintiff David Tebbetts requests that judgment be

5

entered against the Defendants for compensatory and punitive damages in an amount to be determined by struck jury, plus interest, costs, attorney fees, and such other, further, and different relief as may be appropriate.

## COUNT TWO
### (Bad Faith)

29.    Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs as if fully set forth herein.

30.    Plaintiff David Tebbetts was covered under the Group Health Care Plan health insurance policy issued by BCBS and administered in part by CareCore.

31.    At all times relevant to the matters alleged herein, Defendants were under a duty to use good faith in the handling of Plaintiff David Tebbetts' claims.

32.    Defendants failed and refused to act in good faith, and instead deliberately breached the contracts of insurance in bad faith, and in the absence of any legitimate or arguable reason not to perform as required, by intentionally, willfully, deliberately, and/or recklessly refusing to pay benefits which the Defendants knew were owed Plaintiff David Tebbets under the health insurance policy under which the Plaintiff was covered.

33.    As the direct and proximate result of Defendants' intentional, willful, deliberate, and/or reckless bad faith conduct and refusal to pay benefits which Defendants knew were owed Plaintiff David Tebbetts, Plaintiff was injured and damaged as alleged above.

WHEREFORE, premises considered, Plaintiff David Tebbetts requests that judgment be entered against the Defendants for compensatory and punitive damages in an amount to be determined by struck jury, plus interest, costs, attorney fees, and such other, further, and different relief as may be appropriate.

6

## COUNT THREE
### (Negligence and Wantonness)

34.     Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs as if fully set forth herein.

35.     The Defendants owed Plaintiff David Tebbetts a duty of care not to interfere with the treatment and professional judgment exercised by his physicians in connection with his medical care.

36.     The Defendants negligently and wantonly breached this duty of care by failing to properly consider the professional judgment exercised by Plaintiff David Tebbetts' physicians, who were best situated to determine whether the CT scan the Defendants ultimately denied to Plaintiff David Tebbetts was medically necessary.

37.     The Defendants' refusal to authorize this procedure amounted to direct interference with the treatment and care Mr. Tebbetts received.  It was foreseeable to the Defendants that failure to pre-approve Mr. Tebbetts' CT scan despite the ordering of same by his physician would likely result in adverse health consequences to him.

38.     As a direct and proximate result of Defendants' wrongful acts and omissions and fraudulent conduct as previously alleged herein, Plaintiff David Tebbetts has suffered and continues to suffer substantial damages.

**WHEREFORE,** premises considered, Plaintiff David Tebbetts requests that judgment be entered against the Defendants for compensatory and punitive damages in an amount to be determined by struck jury, plus interest, costs, attorney fees, and such other, further, and different relief as may be appropriate.

## COUNT FOUR
### (Loss of Consortium)

39.    Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs as if fully set forth herein.

40.    Defendants' negligent and wanton acts and omissions alleged herein caused Mr. Tebbetts substantial physical harm that has resulted in a loss of consortium, marital companionship and support to Mrs. Tebbetts, for which Mrs. Tebbetts is entitled to recovery.

**WHEREFORE**, premises considered, Plaintiff requests that judgment be entered against the Defendants for compensatory and punitive damages in an amount to be determined by struck jury, plus interest, costs, attorney fees, and such other, further, and different relief as may be appropriate.

## COUNT FIVE
### (Fraudulent Misrepresentation)

41.    Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs as if fully set forth herein.

42.    Plaintiffs were covered under the Group Health Care Plan health insurance policy issued by BCBS and administered by CareCore

43.    At all times relevant hereto, Defendants continuously represented to the Plaintiffs that Defendants had provided Plaintiffs with a health insurance policy that would pay benefits for medically necessary procedures and diagnostic tests ordered or recommended by their treating physicians exercising their clinical and medical judgments.

44.    Plaintiffs reasonably relied upon Defendants' representations regarding their commitment to honor the terms of the policies, to adjust claims in good faith, and to pay any benefits that might come to be due the Plaintiffs.

8

45.    Without Plaintiffs' knowledge, Defendants entered into a pattern and practice of fraudulent conduct and conspired and cooperated with one another in committing the frauds practiced on the Plaintiffs by denying benefits that were due to be paid.

46.    The representations made by Defendants to the Plaintiffs in order to induce them into entering into, and then maintaining, policies of insurance were false, were known by the Defendants to be false at the time they were made, and were made with the intent to lead the Plaintiffs to rely on said misrepresentations and fraud to their detriment and to Defendants' benefit.

47.    As a direct and proximate result of Defendants' wrongful acts and omissions and fraudulent conduct as previously alleged herein, Plaintiffs have suffered and continue to suffer substantial damages as alleged above.

**WHEREFORE**, premises considered, Plaintiffs requests that judgment be entered against the Defendants for compensatory and punitive damages in an amount to be determined by struck jury, plus interest, costs, attorney fees, and such other, further, and different relief as may be appropriate.

## COUNT SIX
### (Fraudulent Suppression)

48.    Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs as if fully set forth herein.

49.    Plaintiffs were covered under the Group Health Care Plan health insurance policy issued by BCBS and administered by CareCore.

50.    At all times relevant hereto, the Defendants intentionally, deliberately, and maliciously failed to disclose to the Plaintiffs that Defendants would not honor the terms of

9

Plaintiffs' Policy, that the true facts would be disregarded, and that Defendants, in an attempt to improve Defendants' financial status by fraudulently avoiding paying benefits, maintained in place an undisclosed, secret corporate policy aimed at postponing and denying claims and benefits regardless of whether same claims were meritorious and due to be paid.

51.    At all times relevant hereto, the Plaintiffs reasonably relied on, and were deceived by, Defendants' material non-disclosures to their detriment.

52.    As a direct and proximate result of Defendants' wrongful acts and omissions and fraudulent conduct as previously alleged herein, Plaintiffs have suffered and continue to suffer substantial damages as alleged above.

**WHEREFORE,** premises considered, Plaintiffs request that judgment be entered against the Defendants for compensatory and punitive damages in an amount to be determined by struck jury, plus interest, costs, attorney fees, and such other, further, and different relief as may be appropriate.

<u>**COUNT SEVEN**</u>
**(Conspiracy)**

53.    Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs as if fully set forth herein.

54.    Plaintiffs were covered under the Group Health Care Plan health insurance policy issued by BCBS and administered by CareCore.

55.    As previously alleged herein, Defendants conspired with one another to commit fraud upon the Plaintiffs by misrepresenting and suppressing materials facts from the Plaintiffs, and by wrongfully denying his claim and refusing to pay benefits to which they were entitled.

56.    As a direct and proximate result of Defendants' conspiracy and fraudulent acts

10

and omissions previously alleged herein, Plaintiffs have suffered, and continue to suffer, substantial damages as alleged above.

       **WHEREFORE**, premises considered, Plaintiffs request that judgment be entered against the Defendants for compensatory and punitive damages in an amount to be determined by struck jury, plus interest, costs, attorney fees, and such other, further, and different relief as may be appropriate.

**JURY DEMAND**

      **The Plaintiff respectfully demands a trial by jury of all claims so triable.**

Respectfully submitted,

   /s/ M. Clayborn Williams
   M. CLAYBORN WILLIAMS
   Attorney for Plaintiffs

**OF COUNSEL:**
M. Clayborn Williams
Thomas O. Sinclair
Jennifer C. Wallis
CAMPBELL, GIDIERE, LEE, SINCLAIR & WILLIAMS, P.C.
2100-A Southbridge Parkway, Suite 450
Birmingham, Alabama 35209
Telephone: (205) 803-0051
Facsimile: (205) 803-0053

PLEASE SERVE THE FOLLOWING DEFENANTS VIA CERTIFIED MAIL AT THE FOLLOWING ADDRESSES:

BLUE CROSS BLUE SHIELD OF ALABAMA
c/o A. Grey Till, Registered Agent
450 Riverchase Parkway East
Birmingham, Alabama 35244

CARECORE NATIONAL, LLC
c/o Legal Department
169 Myers Corners Road
Wappinger Falls, New York 12590

12

CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

DAVID ALLEN TEBBETTS and        )
CYNTHIA INGRAM TEBBETTS         )
                               )
    Plaintiffs,                 )
                               )
vs.                            )       CIVIL ACTION NO:
                               )
BLUE CROSS BLUE SHIELD OF       )
ALABAMA; CARECORE              )       JURY TRIAL REQUESTED
NATIONAL, LLC; and DOE          )
DEFENDANTS 1 through 10         )
                               )
    Defendants.                 )

## FIRST SET OF REQUESTS FOR PRODUCTION
## TO DEFENDANT BLUECROSS BLUESHIELD OF ALABAMA

COME NOW the Plaintiffs pursuant to the Alabama Rules of Civil Procedure and hereby answer the following Interrogatories, fully, in writing and under oath within forty-five (45) days from the date of service as provided by Ala. R. Civ. P. 34 (b).

## INSTRUCTIONS

(1)    If offering in prefatory statements or referencing in specific responses "General Objections" in response to a request for production, <u>cite specifically to each general objection applicable to the individual request.</u>

(2)    If objecting to a request for production on the basis of attorney / client or work product privilege (either through reference to General Objections or within the response to the individual request), or on any other claimed privilege, produce a Privilege Log.

(3)    The requests for production shall be deemed continuing so as to require supplemental answers upon receipt of additional information by Defendants or Defendants' attorney subsequent to their original response. Any such supplemental answers are to be filed and served upon counsel for Plaintiff within thirty (30) days from receipts of such additional information but no later than the time of the trial of this case.

(4)    Documents and items shall be produced for copying and inspection at the law offices of CAMPBELL, GIDIERE, LEE, SINCLAIR & WILLIAMS, 2100A SouthBridge Parkway, Suite 450, Birmingham, AL 35209, within thirty (45) days from the date of receipt of

this request. If the documents or items meeting each request should exceed fifty (50) in number, Defendant shall prior to the date of demand of production of documents and items supply an inventory describing in particularity each such document or item and the Plaintiff will elect upon inventory of such document or item provided which document or item shall in fact be produced. In the event that no such inventory is provided by the Defendants, all documents or items described by said Request for Production shall be provided at the time above-referenced and specified.

(5)     If any document requested was, but no longer is, in your possession or subject to your control, please state: a) the date of its disposition; b) the manner of its disposition (e.g., lost, destroyed, transferred to a third party); and c) an explanation of the circumstances surrounding the disposition of the document.

## DEFINITIONS

For the purposes of these Interrogatories and as used herein, the following words shall have, and be construed with reference to, the following meanings and definitions:

(1)     The terms **"Document"** and **"Documents"** shall mean all Documents subject to discovery under the Alabama Rules of Civil Procedure, and shall include, without limitation, every original and non-identical copy of each and every paper, Document (including blind copies), letter, telegram, teletype, telex, telecopy, facsimile transmission, drawing, picture, photograph, negative, slide, movie, film, visual or audio transcription or record, memorandum, sketch, chart, report, note (including, but not limited to, notes used to prepare any letter, memorandum, report, or other Document as herein defined), contract, agreement, change order, form, work sheet, memorandum or tape recording of telephone conversation or other conversation, witness (including, but not limited to, potential witness) interview, sound recording, sound recording transcription, engineering study, cross-section, plan, expert analysis, diary, journal, ledger, work memorandum, report of investigation and/or inspection, file memorandum, brochure, book, microfilm, tape, video tape, magnetic storage medium, exhibit, attachment, draft, certificate, chart, table, testimony, transcript of testimony, affidavit, printed or readable material, and any and all other means of storage and/or transmission of human intelligence.

(2)     The terms **"You," "Your," or "Yourself"** refer and relate to the Defendant, BlueCross BlueShield of Alabama, and each of your agents, affiliates, subsidiaries, parent companies, representatives and attorneys, as well as each person acting or purporting to act on your behalf.

(3)     The term **"Policy"** shall mean and refer to the "Group Health Care Plan" issued by Defendant BlueCross BlueShield of Alabama identified in the Complaint in this action.

(4)     The term **"BCBS"** shall mean and refer to the Defendant, BlueCross BlueShield of Alabama, and shall include any agent or employee of BCBS.

2

(5)     The term **"CareCore"** shall mean and refer to the Defendant, CareCore National, LLC, and shall include any agent or employee of CareCore.

## REQUESTS FOR PRODUCTION

1.     Please produce all documents that evidence, refer or relate to requests made by, or on behalf of, Plaintiff David Tebbetts concerning pre-approval, authorization, review or payment of benefits, including any and all notes, memoranda, e-mails, reports and correspondence, whether internal or with any other unrelated individual or entity, (e.g., any and all consultants, agents, or contractors used by you, as well as the Plaintiffs or David Tebbetts' medical providers).

2.     Please produce all documents sufficient to identify each and every individual, department, division, unit, and/or entity having any involvement in the pre-approval, authorization, review or payment of benefits for CT scans in September 2006, and your organizational structure or "chain of command" for same.

3.     Please produce all depositions, trial testimony and other sworn statements given by Your employees, agents or contractors who have had any involvement in the pre-approval, authorization, review or payment of benefits for CT scans in September 2006.

4.     Please produce all documents sufficient to evidence any and all contracts or agreements between You and any other individual or entity, including any consultants or other parties in this lawsuit (such as CareCore), referring or relating to the pre-approval, authorization, review or payment of benefits under the Policy.

5.     Please produce all documents sufficient to evidence each and every fact relied upon by You or any individual or entity acting on Your behalf in any and all decisions not to pre-approve, authorize or provide benefits for Plaintiff David Tebbetts. (<u>Note</u>: Documents sought by

3

this request include, without limitation, all scientific articles, treatises, reports and studies, as well as all medical records or other investigative or claim-file materials considered by You or any individual or entity acting on Your behalf in the denial of the claim that is at issue in this lawsuit.)

6.      Please produce all documents that describe the job expectancies, duties, obligations, goals, skills, credentials, qualifications for persons or entities employed by You or acting on Your behalf who had any involvement in the pre-approval, authorization, review or payment of benefits under the Policy. (Note: Documents sought by this request include, without limitation, any and all documents or media used to hire, train, instruct or supervise persons charged with the duties of the nature described in this request.)

7.      Please produce all documents that evidence, refer or relate to any and all policies, procedures, practices, or guidelines involving (a) what documents must or should be obtained during the handling of requests for pre-approval of CT scans; (b) how to investigate a request for pre-approval of a CT scan; (c) what to include in written reports regarding requests for the pre-approval of CT scans; (d) what documentation to collect when investigating and/or or making a determination regarding a request for the pre-approval of a CT scan; (e) how to investigate a request for pre-approval of a CT scan, including steps taken in the investigation of a request for pre-approval of a CT scan; and (f) what documentation to create while assigned to a request for pre-approval of a CT scan.

8.      Please produce all documents that evidence, refer or relate to the evaluation, grading, or review of the job performance of persons having responsibility for the pre-approval, authorization, review or payment of benefits under the Policy, including without limitation all

4

such documents referring or relating to how job performance is judged and the existence of quotas on the number of pre-approvals for claims to be handled within a given time period.

9.    Please produce all inter-office correspondence, including e-mails and memoranda, referring or relating to the pre-approval, authorization, review or payment of involving Plaintiff David Tebbetts.

10.    Please produce all applications and underwriting files pertaining to all policies of insurance with You or any of Your subsidiaries for which either of the Plaintiffs ever applied.

11.    Please produce all documents that evidence, refer or relate to any and all complaints or inquiries, whether formal or informal, that have been filed or registered with or by any governmental entity in involving in any respect your policies, procedures, practices, or guidelines for the pre-approval, authorization, review or payment of benefits under the Policy, including without limitation those for CT scans.

12.    Please produce all documents that evidence, refer or relate to financial bonuses, incentives, stock options, honors, awards, or any other type of compensation or program available to company personnel working in the departments directly responsible for adjudication of or assessment of requests for pre-approval of benefits under the Policy, including without limitation those for CT scans.

13.    Please produce all documents sufficient to evidence employee evaluations, including "performance evaluations or appraisals" for those individuals or entities who had any involvement in pre-approval, authorization, review or payment of benefits under the Policy, including without limitation each such person's personnel or employment file (redacting personal information such as the home address, Social Security number, tax returns or family

5

information of the employees or any other personal information of the employees outside of those areas specified above).

14.    Please produce all documents that evidence, refer or relate to internal audits of the files or claims handled by each and every individual, department, division, unit, and/or entity having any involvement in the pre-approval, authorization, review or payment of benefits under the Policy.

15.    Please produce the complete claims manual or customer care manual and procedure manuals, as well as all documents sufficient to evidence any additions, revisions, deletions or other changes that have been made to said manuals from the date of issuance of the Plaintiffs' Policy to the present.

16.    Please produce all documents that evidence, refer or relate to Your policies, procedures, practices or guidelines for the handling, processing and investigating requests for pre-approval of CT scans that were in effect or were utilized by You from the year in which the Plaintiff's Policy was issued up to present.

17.    Please produce all documents that evidence, refer or relate to Your policies, procedures, practices or guidelines for the consideration and investigation for approving or denying requests for pre-approval, authorization, review or payment of benefits for CT scans.

18.    Please produce all studies, reports, analysis, or reviews conducted, sponsored or commissioned by you that refer or relate to the usage of CT scans in the diagnosis or treatment of patients generally, and/or BCBS insureds specifically.

19.    Please produce the Plaintiffs' claim file, application file, independent medical examination file, or any other related file pertaining to claims made under any and all policies issued by You or your subsidiaries to the Plaintiffs, and each of them.

6

20.    Please produce documents sufficient to evidence each and every rule, guideline, criteria, law, regulation, or other document considered by You or by any individual or entity acting on Your behalf in you in the pre-approval, authorization, review or payment of benefits for CT scans in September 2006 for Plaintiff David Tebbetts.

21.    Please produce the curriculum vitae for any and all medical personnel, including nurses, doctors, and surgeons (whether RNs, LPNs, or MD's, or Ph.D.'s) who had any involvement in the pre-approval, authorization, review or payment of benefits for CT scans in September 2006 for Plaintiff David Tebbetts.

22.    Please produce all documents referring or relating to the Plaintiff that have been prepared by, or provided to, any and all medical personnel, including nurses, doctors, and surgeons (whether RNs, LPNs, or MD's, or Ph.D.'s) employed by or otherwise retained by You who had any involvement in the pre-approval, authorization, review or payment of benefits for CT scans in September 2006 for Plaintiff David Tebbetts.

23.    Produce all documents that evidence, refer or relate to rewards, bonuses, awards, incentives, or remuneration, whether or not financial, given to any company employee, agent or independent contractor who supervised those individuals or entities who had involvement in the pre-approval, authorization, review or payment of benefits for CT scans in September 2006 for Plaintiff David Tebbetts.

24.    Produce all documents that evidence, refer or relate to rewards, bonuses, awards, incentives, or remuneration, whether or not financial, given to any company employee, agent or independent contractor who had involvement in the pre-approval, authorization, review or payment of benefits for CT scans in September 2006 for Plaintiff David Tebbetts.

7

25.     Produce any statement, telephone recording or tape conversation which reflects any conversation or communication between the Plaintiffs and You or Your employees, agents, contractors, representatives or attorneys.

26.     Produce any documentation detailing the amount of reserves assigned to the Plaintiff's claim.

27.     Please produce all records detailing your document retention policy with regard to what documents are to be maintained with the claim file, what documents are to be maintained in other databases or other files, what documents are to be produced in response to requests for production, and what documents are to be destroyed.

28.     Please produce all reports by any person designated as an expert witness in this case, including all documents sent to or received by said expert in connection with the preparation of any such report.

29.     Please produce all documents and things to which you referred or upon which you relied in any manner in preparation of your responses to Plaintiffs' First Set of Interrogatories (and any sets filed thereafter throughout the course of this litigation) or which in any way support your responses to those interrogatories.

30.     Please produce a copy of any and all documents, exhibits, memoranda, etc. which you anticipate or expect will be offered as an exhibit at the trial of this case.


/s M. Clayborn Williams
M. CLAYBORN WILLIAMS
One of the Attorneys for Plaintiffs


8

**OF COUNSEL**
Thomas O. Sinclair
M. Clayborn Williams
Campbell, Gidiere, Lee, Sinclair & Williams, P.C.
2100-A SouthBridge Parkway, Suite 450
Birmingham, AL 35209
205.803.0051
Fax 205.803.0053
tsinclair@cgl-law.com
cwilliams@cgl-law.com

**SERVE ALONG WITH COMPLAINT VIA CERTIFIED MAIL**

**BLUE CROSS BLUE SHIELD OF ALABAMA**
c/o A. Grey Till, Registered Agent
450 Riverchase Parkway East
Birmingham, Alabama 35244

**CARECORE NATIONAL, LLC**
c/o Legal Department
169 Myers Corners Road
Wappinger Falls, New York 12590

## CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| DAVID ALLEN TEBBETTS and | ) |
| CYNTHIA INGRAM TEBBETTS | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| vs. | )    CIVIL ACTION NO: |
| | ) |
| BLUE CROSS BLUE SHIELD OF | ) |
| ALABAMA; CARECORE | )    JURY TRIAL REQUESTED |
| NATIONAL, LLC; and DOE | ) |
| DEFENDANTS 1 through 10 | ) |
| | ) |
|     Defendants. | ) |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES
### TO DEFENDANT BLUECROSS BLUESHIELD OF ALABAMA

COME NOW the Plaintiffs pursuant to the Alabama Rules of Civil Procedure and hereby

answer the following Interrogatories, fully, in writing and under oath within forty-five (45) days

from the date of service as provided by Ala. R. Civ. P. 30(a).

### INSTRUCTIONS

(A)    If offering in prefatory statements or referencing in specific responses "General Objections" in response to an interrogatory, <u>cite specifically to each general objection applicable to the individual interrogatory.</u>

(B)    If objecting to an interrogatory on the basis of attorney / client or work product privilege (either through reference to General Objections or within the response to the individual request), or on any other claimed privilege, produce a Privilege Log.

(C)    The interrogatories shall be deemed continuing so as to require supplemental answers upon receipt of additional information by Defendants or Defendants' attorney subsequent to their original response. Any such supplemental answers are to be filed and served upon counsel for Plaintiff within thirty (30) days from receipts of such additional information but no later than the time of the trial of this case.

## DEFINITIONS

For the purposes of these Interrogatories and as used herein, the following words shall

have, and be construed with reference to, the following meanings and definitions:

(1)    The terms **"Document"** and **"Documents"** shall mean all Documents subject to discovery under the Alabama Rules of Civil Procedure, and shall include, without limitation, every original and non-identical copy of each and every paper, Document (including blind copies), letter, telegram, teletype, telex, telecopy, facsimile transmission, drawing, picture, photograph, negative, slide, movie, film, visual or audio transcription or record, memorandum, sketch, chart, report, note (including, but not limited to, notes used  to prepare any letter, memorandum, report, or other Document as herein defined), contract, agreement, change order, form, work sheet, memorandum or tape recording of telephone conversation or other conversation, witness (including, but not limited to, potential witness) interview, sound recording, sound recording transcription, engineering study, cross-section, plan, expert analysis, diary, journal, ledger, work memorandum, report of investigation and/or inspection, file memorandum, brochure, book, microfilm, tape, video tape, magnetic storage medium, exhibit, attachment, draft, certificate, chart, table, testimony, transcript of testimony, affidavit, printed or readable material, and any and all other means of storage and/or transmission of human intelligence.

(2)    The terms **"You," "Your," or "Yourself"** refer and relate to the Defendant, BlueCross BlueShield of Alabama, and each of your agents, affiliates, subsidiaries, parent companies, representatives and attorneys, as well as each person acting or purporting to act on your behalf.

(3)    The term **"Policy"** shall mean and refer to the "Group Health Care Plan" issued by Defendant BlueCross BlueShield of Alabama identified in the Complaint in this action.

(4)    The term **"BCBS"** shall mean and refer to the Defendant, BlueCross BlueShield of Alabama, and shall include any agent or employee of BCBS.

(5)    The term **"CareCore"** shall mean and refer to the Defendant, CareCore National, LLC, and shall include any agent or employee of CareCore.

## INTERROGATORIES

1.    Identify each and every (non-attorney) person who was consulted in formulating

these interrogatory responses or who provided substantive information regarding the same,

2

including in your answer the name, job title, job description, employer, and business address for said person and a description of the information said person provided.

2.    Identify each and every person having involvement in the evaluation, administration, handling and determination of whether to pre-approve, authorize or pay benefits for a CT scan for Plaintiff David Tebbetts (i.e., the claim that is the subject of this lawsuit), including in your identification the name, job title, job description, employer, business address, and years of employment for each person and the nature of involvement or description of activities undertaken by said person(s).

3.    For each person identified by you in your response to Interrogatory No. 2, identify and describe said person's rate of pay, bonuses, commissions, awards, or other indices of recognition for job performance. If said person is eligible for bonuses or commissions either as an employee or other agent acting on Your behalf, include the criteria under which said bonuses were paid.

4.    Identify each and every policy, procedure, guideline or practice used or considered by You in the evaluation of claims for pre-approval relating to CT scans, including without limitation those used or considered by you as of September 2006.

5.    Produce a list containing the dates, case names, jurisdiction, or venue of each case in which any 30(b)(6) representative designated by You has previously provided testimony, whether by deposition, affidavit, or trial testimony.

6.    Please state the specific business relationship, ownership relationship, stock sharing, stock swapping, general services agreement or other business or contractual relationship between all the related corporate, partnership, or individual entities doing business as BCBS, or any subsidiaries, predecessors, or successors in interest of BCBS and any other Defendant.

3

7.    Identify each and every claim submitted for pre-approval on behalf of David Tebbitts that was denied in whole or in part during September 2006, and with respect to each such claim, identify the reason(s) relied upon by you for the denial of said claim(s) and the Plan provisions you contend authorized your denial of said claim(s).

8.    Identify each and every scientific study, article or treatise that you contend supports your decision not to pre-approve, authorize, or provide benefits to Plaintiff David Tebbetts.

9.    Please identify all of the databases used and/or maintained by you in the administration and adjudication of requests for pre-approval of CT scans. These should include any and all electronic databases used in the handling of any requests for pre-approval of such claims.

10.    Identify by listing below all reference materials used by or available to your employees, agents, or contractors for the assessment of any and all requests made by or on behalf of Plaintiff David Tebbetts for pre-approval, authorization, or payment of benefits for CT scans. This response should include a list of all electronic databases identified by the manner in which they are commonly referred to by such persons, all standards and guidelines to include identification of any claims manuals, customer care center claims manuals, specifically detailing "if applicable" the effective date or revision dates of said materials at the time of your consideration of said claim.

11.    List all computer documents and/or electronically maintained documents which are used and/or available to the employees, agents or contractors which adjudicated and/or assisted in the decision not to pre-approve, authorize, or provide benefits to Plaintiff David Tebbetts, but not placed in the claims file, especially those documents that indicate the governing

4

policies and procedures to be utilized in the administration/adjudication of such claim for pre-approval of CT scans.

12.    Identify each and every Document that You intend and/or anticipate introducing as an exhibit in the trial of this matter.

13.    Identify each and every person who You intend and/or anticipate calling as a witness in the trial of this matter, and with respect to each person, provide said persons address, telephone number, and the substance of said individual's knowledge and anticipated testimony.

14.    Identify each and every person known to You, Your agents or employees and/or Your attorneys who have knowledge of the factual matters relating to this action and/or any Documents, materials or other tangible information of any kind (including without limitation electronically stored information, e-mails and other electronic files of any kind) relating to this action, including without limitation the factual allegations set forth in the Complaint and in Your Answer and/or the existence and/or substance of the Documents produced in response to Requests for Production served in this case.

15.    With respect to each person You expect to call as an expert witness in the trial of this action, identify such person, state the subject matter on which You expect such person to testify, state the substance of such person's expected testimony and state all data or information considered by said expert in forming any such opinions.

/s M. Clayborn Williams
M. CLAYBORN WILLIAMS
One of the Attorneys for Plaintiffs

5

**OF COUNSEL**
Thomas O. Sinclair
M. Clayborn Williams
Campbell, Gidiere, Lee, Sinclair & Williams, P.C.
2100-A SouthBridge Parkway, Suite 450
Birmingham, AL 35209
205.803.0051
Fax 205.803.0053
tsinclair@cgl-law.com
cwilliams@cgl-law.com


**SERVE ALONG WITH COMPLAINT VIA CERTIFIED MAIL**

**BLUE CROSS BLUE SHIELD OF ALABAMA**
**c/o A. Grey Till, Registered Agent**
**450 Riverchase Parkway East**
**Birmingham, Alabama 35244**

**CARECORE NATIONAL, LLC**
**c/o Legal Department**
**169 Myers Corners Road**
**Wappinger Falls, New York 12590**

CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| DAVID ALLEN TEBBETTS and | ) |
| CYNTHIA INGRAM TEBBETTS | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | )    CIVIL ACTION NO: |
| | ) |
| BLUE CROSS BLUE SHIELD OF | ) |
| ALABAMA; CARECORE | )    JURY TRIAL REQUESTED |
| NATIONAL, LLC; and DOE | ) |
| DEFENDANTS 1 through 10 | ) |
| | ) |
| Defendants. | ) |

## FIRST SET OF REQUESTS FOR PRODUCTION
## TO DEFENDANT CARECORE NATIONAL LLC

COME NOW the Plaintiffs pursuant to the Alabama Rules of Civil Procedure and hereby

answer the following Interrogatories, fully, in writing and under oath within forty-five (45) days

from the date of service as provided by Ala. R. Civ. P. 34 (b).

## INSTRUCTIONS

(1)     If offering in prefatory statements or referencing in specific responses "General Objections" in response to a request for production, <u>cite specifically to each general objection applicable to the individual request</u>.

(2)     If objecting to a request for production on the basis of attorney / client or work product privilege (either through reference to General Objections or within the response to the individual request), or on any other claimed privilege, produce a Privilege Log.

(3)     The requests for production shall be deemed continuing so as to require supplemental answers upon receipt of additional information by Defendants or Defendants' attorney subsequent to their original response. Any such supplemental answers are to be filed and served upon counsel for Plaintiff within thirty (30) days from receipts of such additional information but no later than the time of the trial of this case.

(4)     Documents and items shall be produced for copying and inspection at the law offices of CAMPBELL, GIDIERE, LEE, SINCLAIR & WILLIAMS, 2100A SouthBridge Parkway, Suite 450, Birmingham, AL 35209, within thirty (45) days from the date of receipt of

this request. If the documents or items meeting each request should exceed fifty (50) in number, Defendant shall prior to the date of demand of production of documents and items supply an inventory describing in particularity each such document or item and the Plaintiff will elect upon inventory of such document or item provided which document or item shall in fact be produced. In the event that no such inventory is provided by the Defendants, all documents or items described by said Request for Production shall be provided at the time above-referenced and specified.

(5)    If any document requested was, but no longer is, in your possession or subject to your control, please state: a) the date of its disposition; b) the manner of its disposition (e.g., lost, destroyed, transferred to a third party); and c) an explanation of the circumstances surrounding the disposition of the document.

## DEFINITIONS

For the purposes of these Interrogatories and as used herein, the following words shall

have, and be construed with reference to, the following meanings and definitions:

(1)    The terms "**Document**" and "**Documents**" shall mean all Documents subject to discovery under the Alabama Rules of Civil Procedure, and shall include, without limitation, every original and non-identical copy of each and every paper, Document (including blind copies), letter, telegram, teletype, telex, telecopy, facsimile transmission, drawing, picture, photograph, negative, slide, movie, film, visual or audio transcription or record, memorandum, sketch, chart, report, note (including, but not limited to, notes used  to prepare any letter, memorandum, report, or other Document as herein defined), contract, agreement, change order, form, work sheet, memorandum or tape recording of telephone conversation or other conversation, witness (including, but not limited to, potential witness) interview, sound recording, sound recording transcription, engineering study, cross-section, plan, expert analysis, diary, journal, ledger, work memorandum, report of investigation and/or inspection, file memorandum, brochure, book, microfilm, tape, video tape, magnetic storage medium, exhibit, attachment, draft, certificate, chart, table, testimony, transcript of testimony, affidavit, printed or readable material, and any and all other means of storage and/or transmission of human intelligence.

(2)    The terms "**You**," "**Your**," or "**Yourself**" refer and relate to the Defendant, CareCore National LLC, and each of your agents, affiliates, subsidiaries, parent companies, representatives and attorneys, as well as each person acting or purporting to act on your behalf.

(3)    The term "**Policy**" shall mean and refer to the "Group Health Care Plan" issued by Defendant BlueCross BlueShield of Alabama identified in the Complaint in this action.

(4)    The term "**BCBS**" shall mean and refer to the Defendant, BlueCross BlueShield of Alabama, and shall include any agent or employee of BCBS.

2

(5)    The term **"CareCore"** shall mean and refer to the Defendant, CareCore National, LLC, and shall include any agent or employee of CareCore.

## REQUESTS FOR PRODUCTION

1.    Please produce all documents that evidence, refer or relate to requests made by, or on behalf of, Plaintiff David Tebbetts concerning pre-approval, authorization, review or payment of benefits, including any and all notes, memoranda, e-mails, reports and correspondence, whether internal or with any other unrelated individual or entity, (e.g., any and all consultants, agents, or contractors used by you, as well as the Plaintiffs or David Tebbetts' medical providers).

2.    Please produce all documents sufficient to identify each and every individual, department, division, unit, and/or entity having any involvement in the pre-approval, authorization, review or payment of benefits for CT scans in September 2006, and your organizational structure or "chain of command" for same.

3.    Please produce all depositions, trial testimony and other sworn statements given by Your employees, agents or contractors who have had any involvement in the pre-approval, authorization, review or payment of benefits for CT scans in September 2006.

4.    Please produce all documents sufficient to evidence any and all contracts or agreements between You and any other individual or entity, including any consultants or other parties in this lawsuit (such as BCBS), referring or relating to the pre-approval, authorization, review or payment of benefits under the Policy.

5.    Please produce all documents sufficient to evidence each and every fact relied upon by You or any individual or entity acting on Your behalf in any and all decisions not to pre-approve, authorize or provide benefits for Plaintiff David Tebbetts.  (Note: Documents sought by

3

this request include, without limitation, all scientific articles, treatises, reports and studies, as well as all medical records or other investigative or claim-file materials considered by You or any individual or entity acting on Your behalf in the denial of the claim that is at issue in this lawsuit.)

6.    Please produce all documents that describe the job expectancies, duties, obligations, goals, skills, credentials, qualifications for persons or entities employed by You or acting on Your behalf who had any involvement in the pre-approval, authorization, review or payment of benefits under the Policy. (Note: Documents sought by this request include, without limitation, any and all documents or media used to hire, train, instruct or supervise persons charged with the duties of the nature described in this request.)

7.    Please produce all documents that evidence, refer or relate to any and all policies, procedures, practices, or guidelines involving (a) what documents must or should be obtained during the handling of requests for pre-approval of CT scans; (b) how to investigate a request for pre-approval of a CT scan; (c) what to include in written reports regarding requests for the pre-approval of CT scans; (d) what documentation to collect when investigating and/or or making a determination regarding a request for the pre-approval of a CT scan; (e) how to investigate a request for pre-approval of a CT scan, including steps taken in the investigation of a request for pre-approval of a CT scan; and (f) what documentation to create while assigned to a request for pre-approval of a CT scan.

8.    Please produce all documents that evidence, refer or relate to the evaluation, grading, or review of the job performance of persons having responsibility for the pre-approval, authorization, review or payment of benefits under the Policy, including without limitation all

4

such documents referring or relating to how job performance is judged and the existence of

quotas on the number of pre-approvals for claims to be handled within a given time period.

      9.     Please produce all inter-office correspondence, including e-mails and memoranda,

referring or relating to the pre-approval, authorization, review or payment of involving Plaintiff

David Tebbetts.

      10.    Please produce all applications and underwriting files pertaining to all policies of

insurance with You or any of Your subsidiaries for which either of the Plaintiffs ever applied.

      11.    Please produce all documents that evidence, refer or relate to any and all

complaints or inquiries, whether formal or informal, that have been filed or registered with or by

any governmental entity in involving in any respect your policies, procedures, practices, or

guidelines for the pre-approval, authorization, review or payment of benefits under the Policy,

including without limitation those for CT scans.

      12.    Please produce all documents that evidence, refer or relate to financial bonuses,

incentives, stock options, honors, awards, or any other type of compensation or program

available to company personnel working in the departments directly responsible for adjudication

of or assessment of requests for pre-approval of benefits under the Policy, including without

limitation those for CT scans.

      13.    Please produce all documents sufficient to evidence employee evaluations,

including "performance evaluations or appraisals" for those individuals or entities who had any

involvement in pre-approval, authorization, review or payment of benefits under the Policy,

including without limitation each such person's personnel or employment file (redacting

personal information such as the home address, Social Security number, tax returns or family

information of the employees or any other personal information of the employees outside of those areas specified above).

14.    Please produce all documents that evidence, refer or relate to internal audits of the files or claims handled by each and every individual, department, division, unit, and/or entity having any involvement in the pre-approval, authorization, review or payment of benefits under the Policy.

15.    Please produce the complete claims manual or customer care manual and procedure manuals, as well as all documents sufficient to evidence any additions, revisions, deletions or other changes that have been made to said manuals from the date of issuance of the Plaintiffs' Policy to the present.

16.    Please produce all documents that evidence, refer or relate to Your policies, procedures, practices or guidelines for the handling, processing and investigating requests for pre-approval of CT scans that were in effect or were utilized by You from the year in which the Plaintiff's Policy was issued up to present.

17.    Please produce all documents that evidence, refer or relate to Your policies, procedures, practices or guidelines for the consideration and investigation for approving or denying requests for pre-approval, authorization, review or payment of benefits for CT scans.

18.    Please produce all studies, reports, analysis, or reviews conducted, sponsored or commissioned by you that refer or relate to the usage of CT scans in the diagnosis or treatment of patients generally, and/or BCBS insureds specifically.

19.    Please produce the Plaintiffs' claim file, application file, independent medical examination file, or any other related file pertaining to claims made under any and all policies issued by You or your subsidiaries to the Plaintiffs, and each of them.

6

20.    Please produce documents sufficient to evidence each and every rule, guideline, criteria, law, regulation, or other document considered by You or by any individual or entity acting on Your behalf in you in the pre-approval, authorization, review or payment of benefits for CT scans in September 2006 for Plaintiff David Tebbetts.

21.    Please produce the curriculum vitae for any and all medical personnel, including nurses, doctors, and surgeons (whether RNs, LPNs, or MD's, or Ph.D.'s) who had any involvement in the pre-approval, authorization, review or payment of benefits for CT scans in September 2006 for Plaintiff David Tebbetts.

22.    Please produce all documents referring or relating to the Plaintiff that have been prepared by, or provided to, any and all medical personnel, including nurses, doctors, and surgeons (whether RNs, LPNs, or MD's, or Ph.D.'s) employed by or otherwise retained by You who had any involvement in the pre-approval, authorization, review or payment of benefits for CT scans in September 2006 for Plaintiff David Tebbetts.

23.    Produce all documents that evidence, refer or relate to rewards, bonuses, awards, incentives, or remuneration, whether or not financial, given to any company employee, agent or independent contractor who supervised those individuals or entities who had involvement in the pre-approval, authorization, review or payment of benefits for CT scans in September 2006 for Plaintiff David Tebbetts.

24.    Produce all documents that evidence, refer or relate to rewards, bonuses, awards, incentives, or remuneration, whether or not financial, given to any company employee, agent or independent contractor who had involvement in the pre-approval, authorization, review or payment of benefits for CT scans in September 2006 for Plaintiff David Tebbetts.

25.     Produce any statement, telephone recording or tape conversation which reflects any conversation or communication between the Plaintiffs and You or Your employees, agents, contractors, representatives or attorneys.

26.     Produce any documentation detailing the amount of reserves assigned to the Plaintiff's claim.

27.     Please produce all records detailing your document retention policy with regard to what documents are to be maintained with the claim file, what documents are to be maintained in other databases or other files, what documents are to be produced in response to requests for production, and what documents are to be destroyed.

28.     Please produce all reports by any person designated as an expert witness in this case, including all documents sent to or received by said expert in connection with the preparation of any such report.

29.     Please produce all documents and things to which you referred or upon which you relied in any manner in preparation of your responses to Plaintiffs' First Set of Interrogatories (and any sets filed thereafter throughout the course of this litigation) or which in any way support your responses to those interrogatories.

30.     Please produce a copy of any and all documents, exhibits, memoranda, etc. which you anticipate or expect will be offered as an exhibit at the trial of this case.

/s M. Clayborn Williams
M. CLAYBORN WILLIAMS
One of the Attorneys for Plaintiffs

8

**OF COUNSEL**
Thomas O. Sinclair
M. Clayborn Williams
Campbell, Gidiere, Lee, Sinclair & Williams, P.C.
2100-A SouthBridge Parkway, Suite 450
Birmingham, AL 35209
205.803.0051
Fax 205.803.0053
tsinclair@cgl-law.com
cwilliams@cgl-law.com


## SERVE ALONG WITH COMPLAINT VIA CERTIFIED MAIL

**BLUE CROSS BLUE SHIELD OF ALABAMA**
**c/o A. Grey Till, Registered Agent**
**450 Riverchase Parkway East**
**Birmingham, Alabama 35244**

**CARECORE NATIONAL, LLC**
**c/o Legal Department**
**169 Myers Corners Road**
**Wappinger Falls, New York 12590**

9

## CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| DAVID ALLEN TEBBETTS and )<br>CYNTHIA INGRAM TEBBETTS )<br>)<br>    Plaintiffs, )<br>)<br>vs. )<br>)<br>BLUE CROSS BLUE SHIELD OF )<br>ALABAMA; CARECORE )<br>NATIONAL, LLC; and DOE )<br>DEFENDANTS 1 through 10 )<br>)<br>    Defendants. ) | CIVIL ACTION NO:<br><br>JURY TRIAL REQUESTED |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT CARECORE NATIONAL LLC

COME NOW the Plaintiffs pursuant to the Alabama Rules of Civil Procedure and hereby answer the following Interrogatories, fully, in writing and under oath within forty-five (45) days from the date of service as provided by Ala. R. Civ. P. 30(a).

### INSTRUCTIONS

(A)    If offering in prefatory statements or referencing in specific responses "General Objections" in response to an interrogatory, <u>cite specifically to each general objection applicable to the individual interrogatory.</u>

(B)    If objecting to an interrogatory on the basis of attorney / client or work product privilege (either through reference to General Objections or within the response to the individual request), or on any other claimed privilege, produce a Privilege Log.

(C)    The interrogatories shall be deemed continuing so as to require supplemental answers upon receipt of additional information by Defendants or Defendants' attorney subsequent to their original response. Any such supplemental answers are to be filed and served upon counsel for Plaintiff within thirty (30) days from receipts of such additional information but no later than the time of the trial of this case.

## DEFINITIONS

For the purposes of these Interrogatories and as used herein, the following words shall have, and be construed with reference to, the following meanings and definitions:

(1)     The terms **"Document"** and **"Documents"** shall mean all Documents subject to discovery under the Alabama Rules of Civil Procedure, and shall include, without limitation, every original and non-identical copy of each and every paper, Document (including blind copies), letter, telegram, teletype, telex, telecopy, facsimile transmission, drawing, picture, photograph, negative, slide, movie, film, visual or audio transcription or record, memorandum, sketch, chart, report, note (including, but not limited to, notes used  to prepare any letter, memorandum, report, or other Document as herein defined), contract, agreement, change order, form, work sheet, memorandum or tape recording of telephone conversation or other conversation, witness (including, but not limited to, potential witness) interview, sound recording, sound recording transcription, engineering study, cross-section, plan, expert analysis, diary, journal, ledger, work memorandum, report of investigation and/or inspection, file memorandum, brochure, book, microfilm, tape, video tape, magnetic storage medium, exhibit, attachment, draft, certificate, chart, table, testimony, transcript of testimony, affidavit, printed or readable material, and any and all other means of storage and/or transmission of human intelligence.

(2)     The terms **"You," "Your," or "Yourself"** refer and relate to the Defendant, CareCore National LLC, and each of your agents, affiliates, subsidiaries, parent companies, representatives and attorneys, as well as each person acting or purporting to act on your behalf.

(3)     The term **"Policy"** shall mean and refer to the "Group Health Care Plan" issued by Defendant BlueCross BlueShield of Alabama identified in the Complaint in this action.

(4)     The term **"BCBS"** shall mean and refer to the Defendant, BlueCross BlueShield of Alabama, and shall include any agent or employee of BCBS.

(5)     The term **"CareCore"** shall mean and refer to the Defendant, CareCore National, LLC, and shall include any agent or employee of CareCore.

## INTERROGATORIES

1.     Identify each and every (non-attorney) person who was consulted in formulating these interrogatory responses or who provided substantive information regarding the same, including in your answer the name, job title, job description, employer, and business address for said person and a description of the information said person provided.

2

2.    Identify each and every person having involvement in the evaluation, administration, handling and determination of whether to pre-approve, authorize or pay benefits for a CT scan for Plaintiff David Tebbetts (i.e., the claim that is the subject of this lawsuit), including in your identification the name, job title, job description, employer, business address, and years of employment for each person and the nature of involvement or description of activities undertaken by said person(s).

3.    For each person identified by you in your response to Interrogatory No. 2, identify and describe said person's rate of pay, bonuses, commissions, awards, or other indices of recognition for job performance. If said person is eligible for bonuses or commissions either as an employee or other agent acting on Your behalf, include the criteria under which said bonuses were paid.

4.    Identify each and every policy, procedure, guideline or practice used or considered by You in the evaluation of claims for pre-approval relating to CT scans, including without limitation those used or considered by you as of September 2006.

5.    Produce a list containing the dates, case names, jurisdiction, or venue of each case in which any 30(b)(6) representative designated by You has previously provided testimony, whether by deposition, affidavit, or trial testimony.

6.    Please state the specific business relationship, ownership relationship, stock sharing, stock swapping, general services agreement or other business or contractual relationship between all the related corporate, partnership, or individual entities doing business as CareCore, or any subsidiaries, predecessors, or successors in interest of CareCore and any other Defendant.

7.    Identify each and every claim submitted for pre-approval on behalf of David Tebbitts that was denied in whole or in part during September 2006, and with respect to each

3

such claim, identify the reason(s) relied upon by you for the denial of said claim(s) and the Plan provisions you contend authorized your denial of said claim(s).

8.    Identify each and every scientific study, article or treatise that you contend supports your decision not to pre-approve, authorize, or provide benefits to Plaintiff David Tebbetts.

9.    Please identify all of the databases used and/or maintained by you in the administration and adjudication of requests for pre-approval of CT scans. These should include any and all electronic databases used in the handling of any requests for pre-approval of such claims.

10.    Identify by listing below all reference materials used by or available to your employees, agents, or contractors for the assessment of any and all requests made by or on behalf of Plaintiff David Tebbetts for pre-approval, authorization, or payment of benefits for CT scans. This response should include a list of all electronic databases identified by the manner in which they are commonly referred to by such persons, all standards and guidelines to include identification of any claims manuals, customer care center claims manuals, specifically detailing "if applicable" the effective date or revision dates of said materials at the time of your consideration of said claim.

11.    List all computer documents and/or electronically maintained documents which are used and/or available to the employees, agents or contractors which adjudicated and/or assisted in the decision not to pre-approve, authorize, or provide benefits to Plaintiff David Tebbetts, but not placed in the claims file, especially those documents that indicate the governing policies and procedures to be utilized in the administration/adjudication of such claim for pre-approval of CT scans.

4

12. Identify each and every Document that You intend and/or anticipate introducing as an exhibit in the trial of this matter.

13. Identify each and every person who You intend and/or anticipate calling as a witness in the trial of this matter, and with respect to each person, provide said persons address, telephone number, and the substance of said individual's knowledge and anticipated testimony.

14. Identify each and every person known to You, Your agents or employees and/or Your attorneys who have knowledge of the factual matters relating to this action and/or any Documents, materials or other tangible information of any kind (including without limitation electronically stored information, e-mails and other electronic files of any kind) relating to this action, including without limitation the factual allegations set forth in the Complaint and in Your Answer and/or the existence and/or substance of the Documents produced in response to Requests for Production served in this case.

15. With respect to each person You expect to call as an expert witness in the trial of this action, identify such person, state the subject matter on which You expect such person to testify, state the substance of such person's expected testimony and state all data or information considered by said expert in forming any such opinions.

/s M. Clayborn Williams
M. CLAYBORN WILLIAMS
One of the Attorneys for Plaintiffs

5

**OF COUNSEL**
Thomas O. Sinclair
M. Clayborn Williams
Campbell, Gidiere, Lee, Sinclair & Williams, P.C.
2100-A SouthBridge Parkway, Suite 450
Birmingham, AL 35209
205.803.0051
Fax 205.803.0053
tsinclair@cgl-law.com
cwilliams@cgl-law.com

**SERVE ALONG WITH COMPLAINT VIA CERTIFIED MAIL**

**BLUE CROSS BLUE SHIELD OF ALABAMA**
c/o A. Grey Till, Registered Agent
450 Riverchase Parkway East
Birmingham, Alabama 35244

**CARECORE NATIONAL, LLC**
c/o Legal Department
169 Myers Corners Road
Wappinger Falls, New York 12590

6

# EXHIBIT B

## DECLARATION OF PATRICIA FOSHEE

1.  My name is Patricia Foshee. I am over 21 years of age and have personal knowledge of matters in this declaration. I am employed by Montgomery Imaging Center ("Montgomery Imaging ") as the Director of Human Resources.

2.  Montgomery Imaging provides group health benefits coverage as a fringe benefit to its eligible employees and their dependents through a group health insurance policy issued by Blue Cross and Blue Shield of Alabama ("Blue Cross") to the Medical Association of the State of Alabama called the Medical Assistants' Plan. Montgomery Imaging comprises division I-77 of the Medical Assistants' Plan. Montgomery Imaging chose this plan as the sole health insurance plan to offer its employees. In establishing the eligibility requirements to participate in its plan, Montgomery Imaging specified that its new employees must work a 60-day probationary period before becoming eligible to participate. It also requires that employees must work a regular schedule of at least 32 hours per week on average in order to be eligible to participate. Montgomery Imaging maintains a supply of enrollment forms and summary plan descriptions provided by Blue Cross to distribute to the employees.

3.  As the employer, Montgomery Imaging pays 100% of the individual employee's premium. If an employee elects to cover their family members, the employee pays the additional premium for that coverage via payroll deduction. Montgomery Imaging receives a monthly invoice directly from Blue Cross for all premiums due for its employees and pays that invoice with a company check, which includes the premiums that were payroll deducted for family coverage.

4.  When a new employee enrolls in the group health insurance coverage, Montgomery Imaging provides the employee a Blue Cross enrollment form to complete.

934301.1

1

Montgomery Imaging then verifies the employment of the applicant by the signature of its authorized representative on the application, adds the effective date of the employee's coverage, and forwards the completed application to Blue Cross.

5.    Cynthia Tebbetts is a full time employee of Montgomery Imaging Center and participates in Division I-77 of the Medical Assistants' Plan.

I declare under penalty of the perjury laws of the United States that the foregoing is true and correct.

_____
Patricia Foshee

Dated this 11th day of October, 2007.

# EXHIBIT C

RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2007 OCT 15 ₱ 2: 29

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

DAVID ALLEN TEBBETTS and            )
CYNTHIA INGRAM TEBBETTS,            )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )        CIVIL ACTION NO.
                                     )
BLUE CROSS BLUE SHIELD OF           )        2:07CV925-MEF
ALABAMA; CARECORE NATIONAL,         )
LLC and JANE DOE 1-10,              )
                                     )
        Defendants.                  )
                                     )

## CARECORE NATIONAL, LLC'S
## CONSENT TO REMOVAL

        CareCore National, LLC, a named Defendant in the above-referenced matter, through the

undersigned counsel, consents to Blue Cross and Blue Shield of Alabama's removal of this

action from the Circuit Court of Montgomery County to the United States District Court for the

Middle District of Alabama, Northern Division.

                                    _____
                                    One of the Attorneys for CareCore National, LLC

**OF COUNSEL:**
Bruce Rogers
Rebecca Eubanks
BAINBRIDGE, MIMS, ROGERS
        & SMITH, LLP
415 The Luckie Building
600 Luckie Drive
P.O. Box 530886
Birmingham, AL  35253

935657.1

```
Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602000750
Cashier ID: cstrecke
Transaction Date: 10/15/2007
Payer Name: BALCH AND BINGHAM LLP
------------------------------------
CIVIL FILING FEE
 For: BALCH AND BINGHAM LLP
 Case/Party: D-ALM-2-07-CV-000925-001
 Amount:        $350.00
------------------------------------
CHECK
 Remitter: BALCH AND BINGHAM
 Check/Money Order Num: 284878
 Amt Tendered:  $350.00
------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

DALM207CV000925-MEF

TEBBETTS ET AL V BLUE CROSS BLUE
SHIELD ET AL

BALCH AND BINGHAM

 P O BOX 306
BIRMINGHAM, AL  35201
```