IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID ALLEN TEBBETTS and CYNTHIA INGRAM TEBBETTS, <br><br> Plaintiffs, <br><br> v. <br><br> BLUE CROSS BLUE SHIELD OF ALABAMA; CARECORE NATIONAL, LLC; and DOE DEFENDANTS 1-10, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) CIVIL ACTION NO. 2:07-CV-925 ) ) ) ) ) ) ) |

**BLUE CROSS AND BLUE SHIELD OF ALABAMA'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT AND MOTION TO STRIKE JURY DEMAND**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Blue Cross and Blue Shield of Alabama ("Blue Cross") moves the Court to dismiss Plaintiffs' Complaint or grant summary judgment on the grounds that all of Plaintiffs' claims are preempted in their entirety under §§ 502 and 514 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132, 1144. Blue Cross also moves to strike Plaintiffs' demand for trial by jury. This Motion is supported by the Statement of Facts below, the declarations of Patricia Foshee (filed with the Notice of Removal) and Carl Caudle, and Blue Cross' brief, both filed contemporaneously herewith.

**Statement of Facts**

1.     On September 10, 2007, Plaintiffs filed their Complaint against Blue Cross in the Circuit Court for Montgomery County, Alabama.  See  Compl.

2.     The Complaint was served upon Blue Cross on September 18, 2007.  Id.

3. On October 15, 2007, Blue Cross timely filed its Notice of Removal to this Court. See Notice of Removal.

4. Plaintiffs' Complaint alleges misconduct related to the administration of an employee welfare benefit plan sponsored by Plaintiff Cynthia Tebbetts' employer, Montgomery Imaging Center ("MIC").

5. MIC participates in a group health benefits insurance policy for the benefit of MIC's employees and their dependents entitled the Medical Assistant's Plan (the "MAP"). Declaration of Patricia Foshee ¶¶ 2, 3. The MAP is a group health insurance policy issued by Blue Cross to the Medical Association of the State of Alabama ("MASA"). Declaration of Carl Caudle, ¶ 2. MIC participates as Division I-77 under the Plan. Id.

6. MIC selected the MAP as the sole health benefits coverage for its employees, established eligibility requirements for its employees to participate in the plan, and pays 100 percent of the individual premium for its eligible employees that participate in the coverage. Foshee Declaration ¶¶ 2, 3

7. Plaintiffs allege in their Complaint that, by virtue of Ms. Tebbetts' employment with MIC, she and her husband were entitled to participate in the MAP issued by Blue Cross and administered in part by Defendant CareCore National, LLC ("CareCore"). See Compl. ¶¶ 1, 2.

8. Plaintiffs seek relief against Defendants for the denial of coverage for a CT Scan under the MAP, which allegedly resulted in damages to plaintiff David Tebbetts. See id. at ¶ 2. Plaintiffs allege that if Defendants had approved a CT Scan ordered by Mr. Tebbets' physician, the harm to Mr. Tebbets resulting from the rupturing of his spleen could have been prevented. Id. at ¶¶ 17, 19, 20.

9. Specifically, Plaintiffs allege that defendants Blue Cross and CareCore "breached their contractual duties under the policy by failing and refusing to pay benefits owed the Plaintiff." Id. at ¶ 27.

10. Plaintiffs also assert state law tort claims against Blue Cross and CareCore sounding in bad faith, negligence and wantonness, loss of consortium, fraudulent misrepresentation, fraudulent suppression, and conspiracy relating to the denial of Mr. Tebbetts' claim for benefits under the Plan. Id. at ¶¶ 29-56.

11. Plaintiffs claim that Defendants' alleged breach of contract and tortious acts or omissions entitle Plaintiffs to recover compensatory and punitive damages in an amount to be determined by struck jury. Id. at ¶¶ 24-56.

## Summary of Argument

The provision of benefits by MIC to its employees constitutes the establishment and/or maintenance of an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(1) of ERISA. See Kemp v. Int'l Business Machines Corp., 109 F.3d 708, 713 (11th Cir. 1997). That is because MIC selected the Plan as the sole health benefits coverage for its employees, established eligibility requirements for its employees to participate in the plan, and pays 100% of the individual premium for its eligible employees that participate in the coverage.

Because the Plan is governed by ERISA, Plaintiffs' state law breach of contract and tort claims are completely preempted by § 502(a) of ERISA, 29 U.S.C. §1132(a). Section 502(a) is ERISA's exclusive civil enforcement remedy. Plaintiffs' state law claims represent an alternative means of enforcing rights pursuant to an ERISA-governed policy. Any alternative mechanisms for enforcing rights under an ERISA-governed plan are expressly preempted by § 502 of ERISA. Id.

Plaintiffs' state law breach of contract and tort claims are also preempted under ERISA § 514(a), 29 U.S.C. §1144(a).  Section 514 preempts all state law claims that "relate to" an ERISA-based employee benefits plan.  Plaintiffs' state law claims relate to an ERISA-governed employee benefits plan because they arise out of a dispute over Defendants' administration of the Plan.  Thus Plaintiffs' claims are also preempted in their entirety by § 514 of ERISA.

Plaintiffs' jury demand is due to be stricken because it is well settled in this circuit that a jury trial of an ERISA-governed claim is not available.

## Conclusion

WHEREFORE, Blue Cross respectfully requests that the Court dismiss Plaintiffs' Complaint and strike Plaintiffs' jury demand.  Blue Cross does not oppose the Court granting leave to Plaintiff to re-plead a claim for relief under ERISA.

Respectfully submitted this 22nd day of October, 2007.

                                               s/Cavender C. Kimble
                                               Cavender C. Kimble
                                               Leigh Anne Hodge
                                               Attorneys for Blue Cross and Blue Shield of Alabama

**OF COUNSEL:**
Cavender C. Kimble
ckimble@balch.com
Leigh Anne Hodge
lhodge@balch.com
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 488-5860

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 22nd day of October, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

M. Clayborn Williams  
Thomas O. Sinclair  
Jennifer C. Wallis  
CAMPBELL, GIDIERE, LEE, SINCLAIR  
    & WILLIAMS, P.C.  
2100-A Southbridge Parkway, Suite 450  
Birmingham, Alabama  35209  

Bruce Rogers  
Rebecca Eubanks  
BAINBRIDGE, MIMS, ROGERS  
    & SMITH, LLP  
415 The Luckie Building  
600 Luckie Drive  
P.O. Box 530886  
Birmingham, AL  35223  

                                           s/Cavender C. Kimble  
                                           OF COUNSEL