IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID ALLEN TEBBETTS and CYNTHIA INGRAM TEBBETTS, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>)<br>) CIVIL ACTION NO. 2:07-CV-925 |
| BLUE CROSS BLUE SHIELD OF ALABAMA; CARECORE NATIONAL, LLC; and DOE DEFENDANTS 1-10, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**BLUE CROSS AND BLUE SHIELD OF ALABAMA'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT, AND MOTION TO STRIKE JURY DEMAND**

This case arises from the administration of benefits under an ERISA-governed group health benefits plan. Blue Cross and Blue Shield of Alabama ("Blue Cross") moves to dismiss the Complaint because all claims in the Complaint are governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), the federal statute that exclusively governs claims arising from such health plans. Blue Cross does not oppose this Court granting leave to Plaintiffs to re-plead under ERISA, if they so desire.

**STATEMENT OF FACTS**

On September 10, 2007, Plaintiffs filed their Complaint against Blue Cross in the Circuit Court for Montgomery County, Alabama. The Complaint was served upon Blue Cross on September 18, 2007. Id. With the consent of the co-defendant, on October 15, 2007, Blue Cross timely filed its Notice of Removal to this Court.

Plaintiffs' Complaint alleges misconduct related to the administration of an employee welfare benefit plan sponsored by Plaintiff Cynthia Tebbetts' employer, Montgomery Imaging Center ("MIC").  MIC participates in an insured group health benefits plan entitled the Medical Assistant's Plan ("the MAP") for the benefit of MIC's employees and their dependents. (Declaration of Patricia Foshee ¶2, 3.)  The MAP is a group health insurance policy issued by Blue Cross to the Medical Association of the State of Alabama ("MASA").  Declaration of Carl Caudle, ¶ 2.  MIC participates as Division I-77 under the Plan.  Id.  MIC selected the MAP as the sole health benefits coverage for its employees, established eligibility requirements for its employees to participate in the MAP, and pays 100 percent of the individual premium for its eligible employees that participate in the coverage.  Foshee Declaration, ¶¶ 2,3.

Plaintiffs allege in their Complaint that, by virtue of Ms. Tebbetts' employment with MIC, she and her husband were entitled to participate in the MAP issued by Blue Cross and administered in part by Defendant CareCore National, LLC ("CareCore").  Compl. ¶¶ 1, 2. Plaintiffs seek relief against Defendants for the alleged denial of coverage for a CT Scan under the terms of the Plan.  Id. at ¶ 20.  Specifically, Plaintiffs allege that if Defendants had authorized the CT Scan, the damages resulting from the rupture of Mr. Tebbetts' spleen could have been prevented.  Id.

In their Complaint, Plaintiffs assert multiple state law causes of action against defendants for breach of contract, bad faith, negligence and wantonness, loss of consortium, fraudulent misrepresentation, fraudulent suppression, and conspiracy relating to the denial of Plaintiffs' claims for benefits under the Plan.[1]  Id. at ¶¶ 27-56.  Plaintiffs claim that Defendants' alleged

---

[1] Plaintiffs allege a failure to pay benefits (Complaint ¶ 27), however, the main thrust of their Complaint are the tort theories of recovery.  These other state law causes of action are premised upon alleged rights to benefits under an ERISA-governed policy.  See Engelhardt v. Paul Revere

breach of contract and tortious acts or omissions entitle Plaintiffs to recover compensatory and punitive damages.  Id. at ¶¶ 23, 33, 38, 40, 47, 52, 56.  However, all of the Plaintiffs' state law tort claims are preempted under §§ 502 and 514 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132, 1144.

## ARGUMENT

### Introduction

All of the Plaintiffs' state law claims are preempted under 29 U.S.C. §§ 1132 and 1144.  Sections 1132 and 1144 represent two distinct mechanisms by which state law claims may be ERISA-preempted.  Section 1132(a) is ERISA's exclusive enforcement mechanism.  It provides for the recovery of benefits due and other appropriate relief under ERISA-governed benefits plans. 29 U.S.C. § 1132.  Any state law claim filed by a plaintiff seeking recovery for the wrongful administration of benefits falls within the scope of § 1132(a) and is completely preempted.  Aetna Health Inc. v. Davila, 542 U.S. 200, 209 (2004).  The complete preemption of a state law claim extinguishes that claim and converts it into a federal cause of action.  Id.  The Plaintiffs' claims fall within the scope of § 1132 because they attempt to enforce rights under an ERISA-governed benefits plan.  Plaintiffs' claims are therefore completely preempted under § 1132.

Even assuming, *arguendo*, that Plaintiffs' claims are not completely preempted under §1132(a), they are preempted under § 1144(a).   Section 1144(a) is ERISA's sweeping preemption provision which preempts all state law claims that relate to the administration of an ERISA-governed benefits plan. 29 U.S.C.A. § 1144.  Application of § 1144(a) accomplishes

---

Life Ins. Co., 139 F.3d 1346 n. 11, (11th Cir. 1998) (stating that plaintiff's state law claim for punitive damages did not fall outside the scope of the ERISA's civil enforcement  mechanism, because if it did, any plaintiff could thwart Congress's intent to completely preempt claims arising out of the denial of ERISA benefits by artful pleading").

conflict preemption, which provides a federal defense to a plaintiff's state law cause of action. Cotton v. Massachusetts Mutual Life Ins. Co., 402 F.3d 1267, 1281 (11th Cir. 2005). Here, because all of Plaintiffs' claims relate to Blue Cross' alleged administration of Ms. Tebbetts' ERISA-governed benefits plan, those claims also are preempted under § 1144.

### I. Plaintiffs Claims Fail as a Matter of Law Because Section 1132 Exclusively Governs the Recovery of Benefits Due Under the Plan.

Plaintiffs' state law claims are completely preempted under § 1132(a) because they supplement and supplant § 1132(a)'s civil enforcement remedy concerning an ERISA-governed policy. See Davila, 542 U.S. at 209. Section 1132(a)(1)(B) provides that a participant or beneficiary may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

Any state law claim filed by a plaintiff seeking recovery for the wrongful administration of benefits falls within the scope of § 1132(a) of ERISA and is completely preempted. See, e.g., Davila, 542 U.S. at 209 (2004) (holding that "any state-law cause of action that duplicates, supplements or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted"); Garren v. John Hancock Mut. Ins. Co., 114 F.3d 186, 187 (11th Cir. 1997) (holding that "ERISA preemption is not a gateway but a barrier to state law causes of action, the effect of which is to completely displace state-based claims"); Krooth & Altman, et. al. v. North Am. Life Ins. Co., 134 F. Supp. 2d 96, 101-02 (D. D.C. 2001) (classifying a breach of contract claim as a federal claim preempted by ERISA); see also Land v. Cigna Healthcare of Fla., 381 F.3d 1274, 1275-76 (11th Cir. 2004) (holding Plaintiffs' state law malpractice claim against HMO for failure to authorize hospital inpatient admittance resulting in amputation of Plaintiff's finger preempted

under ERISA). Here, as in the aforementioned cases, Plaintiffs' state law breach of contract and tort claims are completely preempted because they fall within the scope of § 1132.

The four-prong analysis set forth in Butero v. Royal Maccabees Life Ins. Co., 174 F.3d 1207, 1212-13 (11th Cir. 1999), is the test in the Eleventh Circuit for whether a plaintiff's state law claims fall within the scope of § 1132 and are therefore completely preempted. Under Butero, complete preemption exists under § 1132 when the following four elements are satisfied: (1) plaintiff's complaint involves a relevant ERISA plan; (2) the plaintiff has standing to sue under the plan; (3) the defendant is an ERISA entity; and (4) the complaint seeks compensatory relief similar to what is available under § 1132. Id.

All of the Butero elements for complete preemption are satisfied in this case. First, by providing group health insurance under Division I-77 of the MAP to its employees for their benefit and the benefit of their dependents, by specifying the eligibility requirements to participate, and by paying the premiums, MIC established and maintains an ERISA-governed group health benefits plan. Second, Ms. Tebbetts is a participant in the plan and Mr. Tebbetts is a beneficiary; therefore, both possess the requisite ERISA standing to sue under ERISA's civil enforcement provisions. 29 U.S.C. § 1132(a)(1) (civil actions under ERISA may be brought by a "participant" or "beneficiary"). Third, Blue Cross is an ERISA entity. Blue Cross both insures and administers claims under the Plan, thus exercising discretionary authority and control over the Plan. Blue Cross therefore qualifies as an ERISA entity. See Butero, 174 F.3d at 1213 (concluding that life insurance company that controlled the payment of benefits and the determination of rights under the life insurance plan was an ERISA entity). Finally, the Complaint seeks the payment of benefits under the plan (Compl. ¶¶ 24-28), relief that is available under ERISA. 29 U.S.C. § 1132(a).

For those reasons alone, Blue Cross is entitled to an order dismissing the case. Blue Cross does not oppose the Court granting leave to Plaintiffs to re-plead a cause of action under § 1132 if they wish to do so.

### II. Plaintiffs' Claims Also Fail as a Matter of Law under § 1144 Because They "Relate To" Defendants' Administration of an ERISA-governed Policy.

Plaintiffs' claims also are still preempted under § 1144. Plaintiffs' state law claims all relate to actions taken by Blue Cross and CareCore in connection with the administration of an ERISA-governed employee benefits plan, and are therefore preempted. See 29 U.S.C. § 1144(a).

Section 1144 states that ERISA expressly supersedes ". . . any and all state laws insofar as they may now or hereafter relate to any employee benefit plan." Id. The Supreme Court has determined that this phrase should be given its "broad common-sense meaning." Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 47 (1987). Thus, a state law claim relates to an employee benefit plan, "in the normal sense of the phrase, if it has a connection with or reference to such a plan." Shaw v. Delta Airlines, Inc., 463 U.S. 85, 97 (1983). The preemption clause is "not limited to state laws specifically designed to affect employee benefit plans." Pilot Life, 481 U.S. at 47-48 (internal citations omitted). ERISA's preemption is broadly construed. See, e.g., Cotton, 402 F.3d at 1281. See also Amos v. Blue Cross-Blue Shield of Ala., 868 F.2d 430, 431 (11th Cir. 1989) (holding that "[a] party's state law claim 'relates to' an ERISA benefit plan for purposes of ERISA preemption whenever the alleged conduct at issue is intertwined with the refusal to pay benefits"), reh'g denied, 875 F.2d 874 (11th Cir. 1989), cert. denied, 493 U.S. 855 (1989).

The Eleventh Circuit and its constituent courts have consistently held that state law claims, including breach of contract and tort claims such as those alleged by Plaintiffs, are preempted by ERISA when such claims are "related to" an ERISA plan. See e.g., Walker v. Southern Co. Servs., Inc., 279 F.3d 1289, 1293 (11th Cir. 2002) (holding that bad faith claim is

preempted by ERISA and not "saved" by ERISA's savings clause), cert. denied, 537 U.S. 824 (2002); Gilbert v. Alta Health and Life Ins. Co., 276 F.3d 1292, 1301 (11th Cir. 2001) (same); Franklin v. QHG of Gadsden, Inc., 127 F.3d 1024, 1028 (11th Cir. 1997) (determining that evaluation of plaintiff's state law fraud claims would require comparison of benefits available under ERISA plans and, thus, state law claims were preempted by § 1144 of ERISA); Sanson v. Gen. Motors Corp., 966 F.2d 618, 620 (11th Cir. 1992) (fraud claims preempted by ERISA), cert. denied, 507 U.S. 984 (1993); First Nat'l Life Ins. Co. v. Sunshine-Jr. Food Stores, Inc., 960 F.2d 1546, 1549-50 (11th Cir. 1992) (breach of contract claims preempted by ERISA), cert. denied, 506 U.S. 1079 (1993); Mullenix v. Aetna Life and Casualty Ins. Co., 912 F.2d 1406, 1413 (11th Cir. 1990) (affirming ERISA preemption of state law breach of contract and "bad faith" denial of claims causes of action); Harrison v. Cemex, Inc., 2006 WL 3371564, No. 06-00531-B, at * 3, (S.D. Ala., Nov. 21, 2006) (holding that plaintiffs' aim of having benefits paid under their former health insurance policy related to ERISA plan); Conner v. Bayfront Health Sys., Inc., Slip Copy, 2006 WL 2691756, No. 8:06-CV-1291-T-23MAP, at * 2, (M.D. Fla. Sept. 20, 2006) (granting defendant's motion to dismiss on grounds of ERISA preemption because plaintiff's claims for breach of contract, bad faith, and negligence arose from an employer-issued life insurance policy).

In the instant case, Plaintiffs' state law breach of contract and tort claims "relate to" the administration of an ERISA-governed plan. First, the Plaintiffs' state law claims for breach of contract, bad faith, negligence and wantonness, loss of consortium, fraudulent misrepresentation, fraudulent suppression, and conspiracy challenge Defendants' conduct in administering the Plan by denying coverage for a CT scan. A determination by this Court concerning the merits of any of Plaintiffs' claims would require an analysis of the Plan, its provisions, coverage limits,

Defendants' specific interpretation and administration of the Plan, and Plaintiffs' rights thereunder. Second, by challenging its administration of an ERISA-governed plan, Plaintiffs ask the Court to analyze and define the relationship between Defendants, as ERISA entities, and Plaintiffs, as ERISA plan beneficiaries. Consequently, Plaintiffs' state law claims are preempted by § 1144 of ERISA because they "relate to" an ERISA-governed employee welfare plan and, thus, should be dismissed.

### III.     Plaintiffs are not Entitled to a Trial by Jury under ERISA.

Blue Cross's motion to strike jury demand is supported by the well-settled law of the Eleventh Circuit which holds that there is no constitutional or statutory right to trial by jury of an ERISA action. See Hunt v. Hawthorne Assoc., Inc., 119 F.3d 888 (11th Cir. 1997), cert. denied, 523 U.S. 1120 (1998); Blake v. Unionmutual Stock Life Ins. Co. of America, 906 F.2d 1525, 1526 (11th Cir. 1990); Chilton v. Savannah Foods & Indus., Inc., 814 F.2d 620, 623 (11th Cir. 1987); Howard v. Parisian, Inc., 807 F.2d 1560 (11th Cir. 1987).

### CONCLUSION

WHEREFORE, for the foregoing reasons, the Plaintiffs' Complaint should be dismissed in its entirety because Plaintiffs' claims are preempted by ERISA, and Plaintiffs' jury demand be stricken. Blue Cross does not oppose the Court allowing Plaintiffs to re-plead under ERISA if they wish.

Respectfully submitted this 22nd day of October, 2007

s/Cavender C. Kimble
Cavender C. Kimble
Leigh Anne Hodge
Attorneys for Blue Cross Blue Shield Of Alabama

936616.3

8

OF COUNSEL:
Cavender C. Kimble
ckimble@balch.com
Leigh Anne Hodge
lhodge@balch.com
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 488-5860

## CERTIFICATE OF SERVICE

  I hereby certify that on the 22nd day of October, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:


M. Clayborn Williams
Thomas O. Sinclair
Jennifer C. Wallis
CAMPBELL, GIDIERE, LEE, SINCLAIR
 & WILLIAMS, P.C.
2100-A Southbridge Parkway, Suite 450
Birmingham, Alabama  35209

Bruce Rogers
Rebecca Eubanks
BAINBRIDGE, MIMS, ROGERS
 & SMITH, LLP
415 The Luckie Building
600 Luckie Drive
P.O. Box 530886
Birmingham, AL  35223

             s/Cavender C. Kimble
             OF COUNSEL