UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID ALLEN TEBBETTS and CYNTHIA INGRAM TEBBETTS )<br>)<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>BLUE CROSS BLUE SHIELD OF )<br>ALABAMA and CARECORE )<br>NATIONAL, LLC )<br>)<br>Defendants. ) | Case Number: 2:07-cv-00925-MEF |

**PLAINTIFFS' MEMORANDUM IN SUPPORT
OF MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY**

COME NOW the Plaintiffs, David Allen Tebbetts and Cynthia Ingram Tebbetts ("the Plaintiffs") and hereby file this Memorandum in Support of Motion For Leave To Conduct Jurisdictional Discovery.

## I. INTRODUCTION AND PROCEDURAL STATEMENT

On September 10, 2007, the Plaintiffs filed their Complaint against Defendants Blue Cross Blue Shield of Alabama ("BCBS") and CareCore National, LLC ("CareCore") seeking compensatory and punitive damages arising out of the Defendants' conspiracy to deny essential medical care to Plaintiff David Allen Tebbetts. That Complaint was filed in the Circuit Court of Montgomery County, Alabama. On October 15, 2007, BCBS filed a Notice of Removal with this Court under 28 U.S.C. § 1446 claiming federal question jurisdiction. That assertion of federal question jurisdiction depended on their characterization of the Plaintiffs' claims as purporting to relate to "the alleged denial of health benefits under an employee welfare benefit

1

plan governed by [the] Employee Retirement Income Security Act of 1974 ('ERISA'). 29 U.S.C. §§ 1001 *et seq.*".[1]

Upon receipt of BCBS' removal, however, it became readily apparent to the Plaintiffs that the removal was procedurally defective under 28 U.S.C. § 1446(a) because it did not include copies of "all process, pleadings and orders." For that reason, the Plaintiffs filed their Motion to Remand timely identifying this fatal defect before the expiration of their 30-day deadline. In connection with that Motion, the Plaintiffs also point out a clear substantive flaw in the Defendants' assertion of jurisdiction. Unlike other substantive grounds, this particular issue may be resolved in Plaintiffs' favor based on the Plan itself, which makes clear the Plan was established and maintained not by Plaintiff Cynthia Tebbetts' employer (Montgomery Imaging), but rather by the Medical Association of the State of Alabama. *See McCaslin v. Blue Cross and Blue Shield of Alabama*, 779 F. Supp. 1312, 1316 (N.D. Ala. 1991) (holding that MASA does not qualify as an employee organization under ERISA).

For the reasons set forth below, in the event this Court is inclined to deny the Plaintiffs' Motion To Remand as to Defendants' procedural defect and as to the whether MASA is an "employee organization", the Plaintiffs respectfully submit that discovery is necessary as to other

---

[1] In the meantime, BCBS has also filed a Motion To Dismiss Plaintiffs' Complaint Or, In The Alternative, Motion For Summary Judgment And Motion To Strike Jury Demand (Doc. #5), along with a set of evidentiary materials that included affidavits and certain documents (Doc. #7). In that Motion, which CareCore has since joined (Doc. #8), BCBS argues for summary adjudication based on ERISA preemption of the Plaintiffs' claims and for the Plaintiffs' jury demand to be struck. That Motion, however, presupposes the existence of subject matter jurisdiction by assuming the application of ERISA notwithstanding the absence of any information having been developed regarding the same. The Court has since entered a pair of Orders asking for briefing both as to the Plaintiffs' Motion To Remand and the Defendants' ERISA motions. These schedules are identical, whereas response briefs are due November 8 and replies are due November 15. *See* Doc. #11 and #12.

elements of ERISA to determine whether subject matter jurisdiction indeed exists under that enactment, as the Defendants claim here.

## II.   ARGUMENT

**Discovery As To The Application (Or Non-Application) Of ERISA Is Necessary Before The Court Can Determine Whether It Has Proper Subject Matter Jurisdiction Over This Case.**

In the event this Court were to conclude that (1) the procedural defect arising from Defendants' failure to include copies of "all process, pleadings and orders" and (2) the substantive defect based the holding in *McCaslin* that MASA is not an employee organization are not sufficient by themselves to preclude subject matter jurisdiction, a number of other open questions concerning jurisdiction exist. These questions must all be answered before Court can resolve any other matters -- including the Defendants' Motion To Dismiss, Or In The Alternative, Motion For Summary Judgment -- because they touch on the Court's power to hear this case in the first instance.

A federal court generally is precluded from ruling on the merits of a case without first determining that it has jurisdiction over the matter and the authority to enter the judgments sought. *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 93-102, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998). "Without jurisdiction the court cannot proceed at all in any cause", nor may it assume jurisdiction for the purpose of deciding the merits of the case. *Id.* at 94 (quoting *Ex parte McCardle*, 7 Wall. 506, 514, 19 L. Ed. 264 (1869)).

Federal courts have often recognized the importance of permitting jurisdictional discovery to ascertain their competency to entertain the merits of actions before them. *See, e.g., Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729 (11th Cir. 1982) ("It is now clear that federal courts have the power to order … the discovery of facts necessary to ascertain their competency

to entertain the merits."). In *Eaton*, the Eleventh Circuit Court of Appeals noted prior holdings that "such jurisdictional discovery is not entirely discretionary, and this appears to be the better view." *Id.* at 729. The *Eaton* court described jurisdictional discovery as a "qualified 'right'" when its jurisdiction is genuinely in dispute. *Id.* at 729 n. 7.

The Defendants assert in their Notice of Removal that the sole basis for subject matter jurisdiction is the application of ERISA. Whether ERISA applies, however, is a multifaceted inquiry having several elements. One of these elements is that the plan be established or maintained by Plaintiff's employer or an employee organization. As discussed in the Plaintiffs' Motion To Remand Plaintiff is not employed by MASA <u>and</u> based on *McCaslin*, MASA is not an employee organization. The other elements, however, are more complicated and fact-intensive and cannot be examined without development of those facts through targeted discovery as evidenced by the fact that Defendants have already filed <u>two</u> affidavits seeking to establish those factual injuries.

A genuine dispute unquestionably exists here as to this Court's subject matter jurisdiction. On one hand, the Defendants contend that subject matter jurisdiction exists because all of the ERISA factors, they say, are met. The Plaintiffs, however, vigorously dispute those facts, and through the jurisdictional discovery described herein, expect the evidence will likely show that one or more of those elements are absent. Whether this Court, as a fundamental matter, has the power to adjudicate the merits of this case depends on which parties prevail on these issues. The Plaintiffs, therefore, have a qualified right under *Eaton* to seek discovery as to whether subject matter jurisdiction properly exists.

### III.   CONCLUSION

For these reasons, the Plaintiffs respectfully request that, in the event this Court is inclined to deny the Plaintiffs' Motion To Remand timely raising those grounds that are instantly ascertainable, this Court permit jurisdictional discovery as described herein for those grounds that clearly are <u>not</u> instantly ascertainable as discussed above.  The Plaintiffs propose one hundred and twenty (120) days for the completion of said discovery.  Upon the expiration of that discovery period, the Plaintiffs respectfully state that they will carefully consider the information adduced.  If that information suggests a lack of subject matter jurisdiction, the Plaintiffs will timely file a second Motion To Remand identifying the additional reasons this Court lacks subject matter jurisdiction under ERISA.

Respectfully Submitted,

 /s/ M. Clayborn Williams
M. Clayborn Williams
One of the Attorneys for Plaintiff

OF COUNSEL:
M. Clayborn Williams
Thomas O. Sinclair
Jenifer Champ Wallis
CAMPBELL, GIDIERE, LEE, SINCLAIR & WILLIAMS
2100-A SouthBridge Parkway, Suite 450
Birmingham, Alabama 35209
Ph:     (205) 803-0051
Fax:    (205) 803-0053
E-mail:  cwilliams@cgl-law.com
E-mail:  tsinclair@cgl-law.com
E-mail:  jwallis@cgl-law.com

**CERTIFICATE OF SERVICE**

      I hereby certify that I have on this the 29th day of October, 2007, served a copy of the foregoing on all attorneys of record by placing a copy of same in the United States mail, postage prepaid, and properly addressed as follows:

Cavender C. Kimble
Leigh Anne Hodge
BALCH & BINGHAM, LLP
Post Office Box 306
Birmingham, AL  35201-0306

Bruce F. Rogers
Rebecca C. Eubanks
BAINBRIDGE, MIMS, ROGERS & SMITH, LLP
Post Office Box 530886
Birmingham, Alabama 35253

                                                         /s/ M. Clayborn Williams
                                                        Of Counsel