UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **DAVID ALLEN TEBBETTS and** ) <br> **CYNTHIA INGRAM TEBBETTS** ) <br> ) <br>     **Plaintiffs,** ) <br> ) <br> vs. ) <br> ) <br> **BLUE CROSS BLUE SHIELD OF** ) <br> **ALABAMA and CARECORE** ) <br> **NATIONAL, LLC** ) <br> ) <br>     **Defendants.** ) | Case Number: 2:07-cv-00925-MEF |

**MOTION TO HOLD THE DEFENDANTS' MERITS-RELATED MOTIONS IN
ABEYANCE PENDING RESOLUTION
OF SUBJECT MATTER JURISDICTION AND RELATED DISCOVERY**

COME NOW the Plaintiffs and respectfully file this Motion To Hold The Defendants' Merits-Related Motion In Abeyance Pending Resolution Of Subject Matter Jurisdiction And Related Discovery. As grounds for this Motion, the Plaintiffs state as follows:

1. On September 10, 2007, the Plaintiffs filed their Complaint against Defendants Blue Cross Blue Shield of Alabama ("BCBS") and CareCore National, LLC ("CareCore") seeking compensatory and punitive damages arising out of the Defendants conspiracy to deny essential medical care to Plaintiff David Allen Tebbetts. That Complaint was filed in the Circuit Court of Montgomery County, Alabama.

2. On October 15, 2007, BCBS filed a Notice of Removal with this Court under 28 U.S.C. § 1446 claiming federal question jurisdiction. That assertion of federal question jurisdiction depended on the Defendants' characterization of the Plaintiffs' claims as purporting to relate to "the alleged denial of health benefits under an employee welfare benefits plan

governed by [the] Employee Retirement Income Security Act of 1974 ('ERISA'). 29 U.S.C. §§ 1001 *et seq.*" In the meantime, BCBS has also filed a Motion To Dismiss Plaintiffs' Complaint Or, In The Alternative, Motion For Summary Judgment And Motion To Strike Jury Demand (Doc. No. 5), ("the Merits-Related Motion") along with a set of evidentiary materials that included affidavits and certain documents (Doc. No. 7).

3. In that Motion, which CareCore has since joined, BCBS argues for summary adjudication based on ERISA preemption and for the Plaintiffs' jury demand to be struck. That Motion, however, presupposes the existence of subject matter jurisdiction by assuming the application of ERISA, notwithstanding the absence of any information having been developed regarding the same.

4. However, consideration of the Defendants' Merits-Related Motion is improper before subject matter jurisdiction has properly been determined. A federal court generally is precluded from ruling on the merits of a case without first determining that it has jurisdiction over the matter and the authority to enter the judgments sought. *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 93-102, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998). "Without jurisdiction the court cannot proceed at all in any cause", nor may it assume jurisdiction for the purpose of deciding the merits of the case. *Id.* at 94 (quoting *Ex parte McCardle*, 7 Wall. 506, 514, 19 L. Ed. 264 (1869)).

5. The existence of subject matter jurisdiction cannot be resolved until this Court decides (1) whether BCBS' removal was procedurally defective under 28 U.S.C. § 1446(a); (2) whether the Plaintiff Cynthia Tebbetts' policy was "established or maintained" by her employer, Montgomery Imaging Center, as opposed to Medical Association of the State of Alabama which actually provided the plan; and (3) whether the remaining ERISA requirements have been met so

as to establish subject matter jurisdiction under that statutory framework. The first two issues are before the Court by way of the Plaintiffs' Motion To Remand. *See* Doc. No. 9 (Motion) and No. 10 (Supporting Memorandum). In the event these two issues do not support remand, the Court must then consider the third issue, which requires jurisdictional discovery as requested in the Plaintiffs' Motion For Leave To Conduct Jurisdictional Discovery, filed herewith. The Defendants' Merits-Related Motion, therefore, cannot be resolved without the Court first determining its competency for entertaining the same. *See Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729 (11th Cir. 1982) ("It is now clear that federal courts have the power to order … the discovery of facts necessary to ascertain their competency to entertain the merits."). For this reason, the Defendants' Summary Judgment Motion should be held in abeyance, along with the briefing schedule on that motion recently entered by the Court (Doc. No. 11), until jurisdiction has been decided.

6.    Consideration of the Defendants' Merits-Related Motion and the Court's briefing schedule (Doc. No. 11) should be held in abeyance for the additional reason that the simultaneous adjudication of the Defendants' Merits-Related Motion and the question of subject-matter jurisdiction without permitting any discovery into the basis for ERISA preemption would deny Plaintiffs' due process rights. The Defendants' Motion, which in substance is a summary judgment motion due to its reliance upon a witness declaration and sixty-two pages of written materials outside of the pleadings, is a summary judgment motion and is due to be formally designated as such by this Court under Fed. R. Civ. P. 12(b). Moving forward with the briefing schedule set forth in the Court's Order (Doc. No. 11) without permitting discovery delving into <u>all</u> of the ERISA preemption factors would have the cumulative effect of denying the Plaintiffs due process and the opportunity to conduct discovery in order to rebut the Defendant's Motion

for Summary Judgment.  In that circumstance, the Plaintiffs would be faced with responding to the Defendant's Motion for Summary Judgment as to <u>every single one of the Plaintiff's claims</u> without even having the opportunity to conduct discovery on the question of ERISA preemption.

7. Since the application of ERISA is a jurisdictional question in the first instance, it would be improper for the Court to foreclose discovery and not to investigate the disputed question of its subject matter jurisdiction both under Eleventh Circuit law, cited *supra*, and under the Due Process clause of the United States Constitution.

8. Given the procedural implications at issue, the Plaintiffs respectfully request oral argument.

WHEREFORE, premises considered, the Plaintiffs respectfully request an Order (a) converting the Defendants' Merits-Related Motion (Doc. No. 5) into one for summary judgment, and (b) holding in abeyance the Defendants' Merits-Related Motion and the recently-ordered briefing schedule (Doc. No. 11) until discovery relevant to the application of ERISA has been completed and the question of subject matter jurisdiction has been resolved.   Should the Court deny Plaintiffs pending Motion to Remand (Doc. No. 9), Plaintiff requests the Court allow one hundred twenty (120) days to conduct discovery on the issues set out above.

Respectfully Submitted,

 /s/ M. Clayborn Williams
M. Clayborn Williams
One of the Attorneys for Plaintiff

OF COUNSEL:
M. Clayborn Williams
Thomas O. Sinclair
Jenifer Champ Wallis
CAMPBELL, GIDIERE, LEE, SINCLAIR & WILLIAMS
2100-A SouthBridge Parkway, Suite 450
Birmingham, Alabama 35209
Ph:     (205) 803-0051
Fax:    (205) 803-0053
E-mail: cwilliams@cgl-law.com
E-mail: tsinclair@cgl-law.com
E-mail: jwallis@cgl-law.com

## CERTIFICATE OF SERVICE

      I hereby certify that I have on this the 29th day of October, 2007, served a copy of the foregoing on all attorneys of record by placing a copy of same in the United States mail, postage prepaid, and properly addressed as follows:

Cavender C. Kimble
Leigh Anne Hodge
BALCH & BINGHAM, LLP
Post Office Box 306
Birmingham, AL  35201-0306

Bruce F. Rogers
Rebecca C. Eubanks
BAINBRIDGE, MIMS, ROGERS & SMITH, LLP
Post Office Box 530886
Birmingham, Alabama 35253

                                              /s/ M. Clayborn Williams
                                              Of Counsel