IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID ALLEN TEBBETTS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | CASE NO. 2:07-cv-925-MEF |
| ) | |
| BLUE CROSS BLUE SHIELD OF ) | |
| ALABAMA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **O R D E R**

This cause is before the Court on Blue Cross and Blue Shield of Alabama's Motion for Leave to File Surreply Brief (Doc. #21).[1]  By this motion, Defendants argue that they should be allowed a surreply brief even though the Court's briefing schedule order on a pending motion by Plaintiffs seeking remand of the case did not contemplate one because Defendants contends that Plaintiffs raised new arguments in their reply brief.  Defendants have failed to indicate whether Plaintiffs oppose the motion, but the Court has been informally notified by Plaintiffs' counsel that they do, in fact, oppose the motion.  While the Court is not persuaded that both of the issues identified as "new" issues were raised for the first time in the Plaintiffs' reply brief and while is reluctant to encourage a battle for the last word, the Court is inclined in the circumstances of this case to allow the requested sur-reply to be filed.

Upon consideration of the Blue Cross and Blue Shield of Alabama's Motion for Leave

---

[1] Defendant Carecore National, LLC has requested and been granted leave to join in this motion.  Accordingly, this motion refers to Defendant Filnt Blue Cross and Blue Shield of Alabama and Defendant Carecore National, LLC collectively as Defendants in this Order.

to File Surreply Brief (Doc. #21) filed on November 20, 2007, it is hereby

ORDERED that the motion is GRANTED and Defendants shall file the sur-reply by no later than **November 26, 2007**.[2] It is further ORDERED that Plaintiffs may file a response to the surreply by no later than **December 3, 2007**. At that time the motion shall be under submission and the Court will not entertain further argument on the issues relating to the pending motion to remand.

DONE this 21st day of November, 2007.

                                        /s/ Mark E. Fuller
                                  CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Defendants should note that the Court is directing Defendants to file the sur-reply rather than directing the Clerk's office to docket the sur-reply previously submitted as an exhibit. To the extent that the sur-reply will be jointly filed by both Defendants, it should so indicate in the body rather that being filed by one Defendant and the other Defendant later filing a motion to join in its content.