IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID ALLEN TEBBETTS and CYNTHIA INGRAM TEBBETTS, <br><br> Plaintiffs, <br><br> v. <br><br> BLUE CROSS BLUE SHIELD OF ALABAMA; CARECORE NATIONAL, LLC; and DOE DEFENDANT 1-10, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) CIVIL ACTION NO. 2:07-CV-00925-MEF |

**DEFENDANTS' JOINT SURREPLY TO PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

With leave of the Court, Defendants Blue Cross and Blue Shield of Alabama ("Blue Cross") and CareCore National, LLC ("CareCore") (collectively "Defendants") file this Surreply to Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' Motion to Remand (the "Reply") for the purpose of addressing legal arguments, one substantive and one procedural, raised by Plaintiffs for the first time in the Reply.

## INTRODUCTION

Plaintiffs for the first time argue that the MASA Medical Assistants' Plan ("MAP") is a Multiple Employer Welfare Arrangement ("MEWA") that does not

942294.3

meet the requirements of an ERISA plan because it was not established by "employers," rather it is a entrepreneurial venture. As discussed in more detail below, Plaintiffs' argument is irrelevant. Instead, the dispositive issue is whether Mrs. Tebbetts' employer, Montgomery Imaging Center, established an ERISA plan for the benefit of its employees and their dependents by creating Division I-77 of the MAP[1]. The answer to that question is yes. That conclusion is underscored by the undisputed fact that Montgomery Imaging pays the employee portion of the premiums for this group health coverage. (See Second Declaration of Patricia Foshee at ¶ 16; Reply at p. 5, ¶ 7; see also First Foshee Declaration, Exh. B to Notice of Removal at ¶ 3).

Plaintiffs also argue Blue Cross's failure to include copies of the return of service forms is a violation of M.D. Ala. LR 81.1 that warrants remand, notwithstanding that Blue Cross complied with the procedural requirements of the federal statute governing removal, 28 U.S.C. § 1446(a).

---

[1] Plaintiffs argue that Montgomery Imaging has no contract with Blue Cross (Reply at p. 10) and mistakenly assert that neither the MAP plan document nor Montgomery Imaging's Group Application establishing Division I-77 are part of the Court record (Reply at p. 6, n. 1). Plaintiffs apparently have overlooked Blue Cross's Notice of Filing of Evidentiary Materials (Docket No. 7), in which it filed of record the Declaration of Carl Caudle. Attached as Exhibit A to the Caudle Declaration is the Certificate of Coverage for the Map. Attached as Exhibit B to the Caudle Declaration is the Group Application of Montgomery Imaging Center establishing a Group Health Benefits Contract under Group Number 80621 and Division Numbers I-76 and I-77.

# ARGUMENT

I.  **PLAINTIFFS' ARGUMENT THAT THE MAP IS NOT AN ERISA-GOVERNED MEWA IS IRRELEVANT BECAUSE MRS. TEBBETTS' EMPLOYER, MONTGOMERY IMAGING CENTER, HAS ESTABLISHED AND MAINTAINED A SINGLE-EMPLOYER EMPLOYEE WELFARE BENEFIT PLAN.**

In Plaintiffs' Reply to Defendant's Opposition to Plaintiffs' Motion to Remand, Plaintiffs argue for the first time that the MAP is a non-ERISA-governed MEWA.[2] However, Blue Cross has never argued that the MAP is a MEWA. The issue whether the MAP is an ERISA-governed MEWA is wholly irrelevant to the central issue of whether Montgomery Imaging Center, Mrs. Tebbetts' employer, established and maintained an ERISA-governed group health benefits plan for the benefit of its employees, through its subscription to the MAP under Division I-77 and payment of the employee portion of the premiums. The answer to that question is yes. Plaintiffs' claims are therefore ERISA-governed, and this Court properly has jurisdiction over this matter pursuant to 28 U.S.C. § 1441(b).

---

[2] The definition of MEWA is contained within the ERISA statute at 29 U.S.C. § 1002(40)(A).

Plaintiffs recognize that some MEWAs are governed by ERISA, while others are not. (Reply at p. 8). However, as discussed in more detail below, this Court need not address whether the MAP is a MEWA and, if so, whether it is an ERISA-governed MEWA. The Court need only be concerned with whether Montgomery Imaging Center established an ERISA-governed plan for its employees by providing health benefits through Division I-77 of the MAP and by paying the employee portion of the premiums.

Plaintiffs attempt to analogize the instant facts to those in <u>MDPhysicians and Assoc., Inc. v. State Bd. of Ins.</u>, 957 F.2d 178, 179 (5th Cir.), <u>cert. denied</u>, 506 U.S. 861 (1992). Their reliance is misplaced. The court there held that the MEWA at issue, created by an association of over 130 doctors, was not an ERISA-governed MEWA. <u>Id.</u> at 179, 186. However, the court declined to address and expressly left open the issue of whether any of the subscribing employers to the plan established or maintained single-employer employee welfare benefit plans covered by ERISA. The court stated:

> We do not decide whether any of the Subscribing Employers directly established or maintained "single employer" [employee welfare benefit plans] governed by ERISA - - that is "whether each employer who subscribed to the [MDP Plan] thereby established *its own individual ERISA plan*."

<u>Id.</u> at 182, n.4 (emphasis in original) (citations omitted).

Other courts have held that a single employer who applies to such a group for health benefits plan, in so doing, may establish and maintain an employee welfare benefits plan. <u>See, e.g.</u>, <u>Int'l Res., Inc. v. New York Life Ins. Co.</u>, 950 F.2d 294, 296, 298 (6th Cir. 1991) (finding an ERISA plan created where plaintiff purchased group medical insurance coverage from a multi-employer trust, selected both the terms and the price for its employee coverage, covered all employees under the plan, and paid the insurance premiums), <u>cert. denied</u>, 504 U.S. 973 (1992); <u>Kidder v. H & B Marine, Inc.</u>, 932 F.2d 347, 349, 353 (5th Cir. 1991)

(finding an ERISA plan created where plaintiff's employer purchased insurance for its employees through a multiple employer trust); Credit Managers Assoc. of S. Cal. v. Kennesaw Life and Accident Ins. Co., 809 F.2d 617, 625 (9th Cir. 1987) (stating that "[e]ven if an employer does no more than arrange for a 'group-type insurance program," it can establish an ERISA plan, unless it is a mere advertiser who makes no contributions on behalf of its employees") (internal citations omitted).

Montgomery Imaging Center's conduct is analytically identical to that in McDonald v. Provident Indemnity Life Insurance Co., 60 F.3d 234, 235 (5th Cir. 1995), cert. denied, 516 U.S. 1174 (1996). In that case, McDonald Equipment, a single employer, subscribed to the Business Insurance Trust[3] to obtain group health insurance for its employees and their dependents. Id. at 235. McDonald Equipment and an employee brought suit against the underwriter of the insurance under the Trust, and others, for excessive premium increases. Id. The defendants raised the defense of ERISA preemption. Id. The Fifth Circuit affirmed the district court's determination that McDonald Equipment established an ERISA-governed plan. The Fifth Circuit framed the dispositive issue: "[W]hether McDonald Equipment's subscription to the BIT constituted an ERISA plan." Id. at 236. Therefore, the proper focus was not on the nature of the Business Insurance

---

[3] The Business Insurance Trust was a multiple-employer trust, another form of MEWA.

942294.3                                    5

Trust, but rather on the actions of the employer in arranging for the coverage. Similarly, the proper focus here is not on the nature of the MAP, but rather on the actions of Montgomery Imaging Center in its capacity as a single employer in arranging for the coverage under the group plan. Montgomery Imaging Center established an ERISA-governed employee welfare benefits plan. (See Blue Cross's Brief in Opposition to Motion to Remand at pp. 3-12).

## II. THIS COURT SHOULD EXERCISE ITS DISCRETION AND ACCEPT BLUE CROSS'S CURE OF THE DEFICIENCY UNDER LOCAL RULE 81.1 BECAUSE BLUE CROSS HAS COMPLIED WITH THE FEDERAL STATUTE GOVERNING REMOVAL PROCEDURE AND REMAND IS NOT IN THE INTEREST OF JUSTICE.

Plaintiffs argue Blue Cross's failure to include copies of the return of service forms is a violation of M.D. Ala. LR 81.1 and thus a fatal procedural defect that warrants remand, notwithstanding that Blue Cross complied with the procedural requirements of the federal removal statute, 28 U.S.C. § 1446(a).

On November 16, 2007, Blue Cross filed with the Clerk of Court for the Middle District of Alabama its Notice of Filing Additional Court Documents, which included the returns on service. Even if the Court were to conclude that Blue Cross had failed to comply with LR 81.1 at the time it filed its Notice of Removal, Blue Cross's Notice of Filing Additional Court Documents cured any such deficiency.

LR 81.1 states that:

A party who desires to remove a civil action from state court to this court pursuant to 28 U.S.C. § 1446 must file, simultaneously with the notice of removal, clear and legible copies of all records and proceedings from the state court.

LR 81.1 obviously was taken from 28 U.S.C. § 1447(b), which states in part as follows:

**Section 1447. Procedure After Removal Generally**

...

(b) [The District Court] may require the removing party to file with its clerk copies of all records and proceedings in such State or may cause the same to be brought before it by writ of certiorari issued to such State court.

Thus Congress envisioned that such a requirement could be imposed only <u>after</u> removal.

LR 81.1 thus imposes more stringent requirements than does § 1446(a), because it requires the filing of papers at the time of removal in addition to those required in § 1446(a). Assuming LR 81.1 permissibly adds to the obligations created by § 1446(a), rather than just give effect to the authority conferred by § 1447 to require an additional filing after removal, the Federal Rules of Civil Procedure counsel that this Court permit Blue Cross to cure the procedural defect under LR 81.1. Federal Rule of Civil Procedure 83(a)(2) states that, "[a] local rule

imposing a requirement of form must not be enforced in a manner that causes the party to lose rights because of a non-willful failure to comply with the requirement." LR 81.1 is a requirement of form, in that it prescribes only the process for removal. Additionally, the Defendant's failure to include the Return on Service with the Notice of Removal was not willful, especially in light of the fact that § 1447(b) authorizes the district court to require this additional filing <u>after</u> removal. Premising remand on a procedural defect under LR 81.1 in the face of § 1447(b) would deprive Blue Cross of the federal forum guaranteed by ERISA's concurrent jurisdiction clause, 29 U.S.C. § 1132(e) (1).

Procedural non-compliance with a local rule does not support remand as a matter of common sense. The reason for LR 81.1 (and § 1447(b)) is to ensure that judges have all of the information they need to have a full understanding of the procedural posture and the pending legal issues in cases removed from state court. <u>See</u> <u>Yellow Transp., Inc., v. Apex Digital, Inc.</u>, 406 F. Supp. 2d 1213, 1217 (D. Kan. 2005) (requirement that pleadings, process and other papers from State court be filed is intended to provide the district court with the record materials necessary to enable the court and the litigants to delineate the issues to be tried). This Court had all that information with the documents attached to the notice of removal. The returns on service add nothing more because it is undisputed that removal was timely.

942294.3                                    8

District courts have discretion to determine when a deviation from local rules should be excused or overlooked. See Somlyo v. J. Lu-Rob Enter., Inc., 932 F.2d 1043, 1048 (2d Cir. 1991). Courts have held that failure to comply with the technical requirements of a local rule concerning removal represents a technical defect that the Court should allow the defendant to cure if in the interest of justice. Id. at 1044, 1045, 1049 (affirming the district court's order denying remand where the defendant violated a local removal statute by failing to include a civil cover sheet and backing with the notice of removal); Total Energy Corp. v. Stolt, 334 F. Supp. 2d 413, 414-15 (S.D.N.Y. 2004) (holding that defendant's notice of removal was properly filed despite technical non-compliance with a local rule requiring a civil cover sheet to be filed with the notice of removal); Flores v. Baldwin, 2002 WL 1118504 at * 4 (N.D. Tex. May 28, 2002) (holding that defendant's failure to comply with a Texas local rule requiring the defendant to attach certain documents from the state court record with the notice of removal was a procedural defect that did not warrant remand because the state court record could be easily supplemented to correct any remaining defects).

Here, Blue Cross immediately remedied its omission of the Return on Service from the Notice of Removal. Any delay has not affected the orderly operations of this Court. Thus, Defendants respectfully request that this Court

exercise its discretion by accepting Blue Cross's cure in the interest of justice and fairness.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendants respectfully submit that Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' Motion to Remand is without merit and request that this Court deny Plaintiffs' Motion to Remand.

Respectfully submitted this 20th day of November, 2007.

s/Cavender C. Kimble
Cavender C. Kimble
Leigh Anne Hodge
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8798

Attorneys for Blue Cross and
Blue Shield of Alabama


s/S. Bruce Rogers
S. Bruce Rogers
Rebecca Eubanks
BAINBRIDGE, MIMS, ROGERS &
SMITH, LLP
415 The Luckie Building
600 Luckie Drive
P.O. Box 530886
Birmingham, AL 35223
Attorneys for CareCore National, LLC

## **CERTIFICATE OF SERVICE**

    I hereby certify that on the <u>21st</u> day of November, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

M. Clayborn Williams
Thomas O. Sinclair
Jennifer C. Wallis
CAMPBELL, GIDIERE, LEE, SINCLAIR
    & WILLIAMS, P.C.
2100-A Southbridge Parkway, Suite 450
Birmingham, Alabama 35209

                                        s/Cavender C. Kimble
                                        OF COUNSEL