IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID ALLEN TEBBETTS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 2:07-cv-925-MEF |
| ) | |
| BLUE CROSS BLUE SHIELD OF ) | (WO) |
| ALABAMA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This is a civil action in which Plaintiffs seek damages from Defendant insurance companies for their alleged wrongful denial of benefits under Plaintiffs' health insurance plan. The action was removed from the Circuit Court of Montgomery County, Alabama on October 15, 2007 pursuant to 28 U.S.C. § 1441 on the basis that Defendants argue the Plaintiffs' health insurance plan is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461, and, therefore, that this Court has jurisdiction under the doctrine of complete preemption. This cause is before the Court on Plaintiffs' Motion to Remand (Doc. # 9), filed October 24, 2007, and Defendants' Motion to Strike Jury Demand (Doc. # 5), filed October 22, 2007. For the reasons stated below, the Plaintiffs' Motion to Remand is due to be DENIED and the Defendants' Motion to Strike Jury Demand is due to be GRANTED.

**I. FACTS AND PROCEDURAL HISTORY**

Plaintiff Cynthia Ingram Tebbetts ("Mrs. Tebbetts") is an employee of Montgomery

Imaging, LLC. Mrs. Tebbetts purchased a Blue Cross Blue Shield family health insurance plan entitled "Medical Association of the State of Alabama Group Health Care Plan" ("MASA"). This plan provided coverage to Mrs. Tebbetts and her husband, Plaintiff David Tebbetts ("Mr. Tebbetts"). The MASA policy was issued by Defendant Blue Cross Blue Shield ("Blue Cross") and administered in part by Defendant CareCore National, LLC ("CareCore").

Montgomery Imaging chose MASA as the sole health insurance plan offered to its employees. Montgomery Imaging established eligibility requirements its employees must meet in order to qualify to purchase the plan, including working at least thirty-two hours per week and having worked for Montgomery Imaging for at least sixty days. In addition, Montgomery Imaging pays 100% of the employee's individual premium. If an employee elects family coverage, the employee pays the incremental premium for that additional coverage through payroll deduction. Montgomery Imaging also distributes enrollment forms and plan descriptions, which are provided by Blue Cross, to its employees. Blue Cross invoices Montgomery Imaging for all of its employees' premiums each month, and Montgomery Imaging remits a check to Blue Cross each month to pay the premiums.

On September 13, 2006, Mr. Tebbetts consulted with a doctor because he was experiencing pain in his abdomen, and the doctor ordered a CT scan of Mr. Tebbetts' abdomen. The doctor sought pre-approval from Defendants of the CT scan, but Defendants declined coverage. Several days later, Mr. Tebbetts was taken to the hospital where a CT

scan and ultrasound revealed that Mr. Tebbetts had a cyst on his pancreas that had caused his spleen to rupture. Mr. Tebbetts' spleen was removed.

Plaintiffs filed the Complaint in the Circuit Court for Montgomery County, Alabama on September 10, 2007 for damages arising out of Defendants' failure to approve the original request for a CT scan. Blue Cross filed its Notice of Removal in this Court on October 15, 2007. Plaintiff has moved for remand on the grounds that the MASA group health insurance policy is not an "employee benefit plan" within the meaning of ERISA, and that Defendants' removal was procedurally defective.

## II. DISCUSSION

**A.    Motion to Remand**

**1.    Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). As such, they may only hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *Kokkonen*, 511 U.S. at 377. The burden of establishing that subject matter jurisdiction exists rests upon the party asserting jurisdiction. *Id.* Defendants therefore bear the burden of proving federal jurisdiction in this case. *See, e.g.*, *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). Defendants argue that federal jurisdiction exists in this case because the health insurance plan at issue is governed by ERISA, which they argue completely preempts Plaintiffs' state law

claims. *See, e.g.*, *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1211-12 (11th Cir. 1999).

A civil action filed in a state court may be removed to federal court if the claim is one "arising under" federal law. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). In order to determine whether a complaint "arises under" federal law, a court must examine the "well pleaded" allegations of the complaint and ignore potential defenses. *Id.* A suit arises under the Constitution and laws of the United States only when the plaintiffs statement of his own cause of action shows that it is based upon federal law or the Constitution. *Id.* As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim. *Id.* However, a state claim may be removed to federal court under two narrow exceptions to the well pleaded complaint rule: (1) when Congress expressly provides for removal, or (2) when a federal statute wholly displaces the state-law cause of action through complete preemption. *Id.* at 8.

The parties do not dispute that, if ERISA governs the health insurance policy in this case, then the doctrine of complete preemption applies. *See Butero*, 174 F.3d at 1211 ("Superpreemption [or complete preemption] arises from Congress's creation of a comprehensive remedial scheme in 29 U.S.C. § 1132 for loss or denial of employee benefits."). The only dispute in this case related to the governance of ERISA is whether the MASA plan is an "employee welfare benefit plan" within the definition of 29 U.S.C. § 1002(1).

**2.    ERISA**

Plaintiffs argue that the MASA plan is not an "employee welfare benefit plan" as required to be governed by ERISA because it is not a plan "established or maintained by an employer or by an employee organization, or by both." 29 U.S.C. § 1002(1); *Donovan v. Dillingham*, 688 F.2d 1367, 1371 (11th Cir. 1982). Plaintiffs argue that the plan is established or maintained by MASA and that Montgomery Imaging, Mrs. Tebbets' employer, does not establish or maintain the plan.

In this case, it is clear that Mongomery Imaging has "established or maintained" the MASA plan. Montgomery Imaging selected MASA as the sole health insurance plan offered to its employees. Montgomery Imaging established eligibility requirements its employees must meet in order to qualify to purchase the plan. Montgomery Imaging pays 100% of the employee's individual premium; the employee is only responsible for the premiums of family members. Montgomery Imaging also distributes enrollment forms and plan descriptions. Finally, Montgomery Imaging collects employees' premiums via payroll deduction. Blue Cross invoices Montgomery Imaging directly for the premiums of its employees, and Montgomery Imaging remits a check to Blue Cross each month to pay the premiums.

These actions taken by Montgomery Imaging are more than sufficient to establish or maintain an ERISA plan. *See Butero*, 174 F.3d at 1214 (holding employer "established or maintained" an ERISA plan where the employer had "consulted an insurance agent, selected the terms of the group policy it wished to purchase for its employees, completed an

application form for the policy, solicited enrollments from its employees, collected money through payroll deductions, and remitted premium checks"); *McDonald v. Provident Indemnity Life Ins. Co.*, 60 F.3d 234, 236 (5th Cir. 1995) (finding employer had established or maintained an ERISA plan by "purchasing the insurance, selecting the benefits, identifying the employee-participants, and distributing enrollment and claim forms"). Accordingly, ERISA completely preempts Plaintiffs' claims and this Court has subject matter jurisdiciton to hear the case. The only jurisdictional issue left for resolution by this Court is whether Defendants' removal was procedurally defective.

3. **Procedural Issues Related to Removal**

Plaintiffs claim that Defendants' removal was improper because they failed to include copies of the return on service for either Defendant. The procedure for removal is set forth in 28 U.S.C. § 1446, which provides:

> A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, *together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action*.

(emphasis added). Plaintiff cites *Kisor v. Collins*, 338 F. Supp. 2d 1279 (N.D. Ala. 2004) in support of their argument that the failure to file returns on service with a notice of removal violates § 1446. However, *Kisor* is not on point because in that case the defendants failed to file both the returns on service *and the summons*. Summons are served upon a defendant,

whereas returns on service are not.

More on point is *Usatorres v. Marina Mercante Nicaraguenses, S.A.*, 768 F.2d 1285 (11th Cir. 1985), which held that § 1446 does not require the removing party to file documents that were not served upon him. *See id.* at 1286-87 ("The removal statute requires only that the removing party file copies of all process, pleadings and orders served upon him or them in such action. Because the motion was not served upon him, there was no requirement that the defendant file it with the district court."). Accordingly, Defendants' failure to file returns on service, which were not served upon them, does not violate § 1446. Consequently, Defendants' removal was not procedurally defective.

**B.     Motion to Strike Jury Demand**

Defendants have moved to strike Plaintiffs' demand for a jury trial. Because relief under ERISA is equitable in nature, Plaintiffs have no right to a jury trial. *See Chilton v. Savannah Foods & Indus.*, 814 F.2d 620, 623 (11th Cir. 1987). Therefore, Defendants' motion to strike is due to be GRANTED.

### III. CONCLUSION

For the reasons set for above, it is hereby ORDERED that

(1)  Plaintiffs' Motion to Remand (Doc. # 9) is DENIED.

(2)  Defendants' Motion to Strike Jury Demand (Doc. # 5) is GRANTED.

DONE this the 2nd day of September, 2008.

                                       /s/ Mark E. Fuller
                              CHIEF UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

(a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

(b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

(c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

(d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

(e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).