IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID ALLEN TEBBETTS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 2:07-cv-925-MEF |
| ) | |
| BLUE CROSS BLUE SHIELD OF ) | (WO- Do Not Publish) |
| ALABAMA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**

As of the date of this decision, this case is a case brought pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a) ("ERISA") by plan participants for alleged breach of fiduciary duty and equitable estoppel. This cause is before the Court on two motions to dismiss: Defendant Blue Cross and Blue Shield of Alabama's Motion to Dismiss (Doc. # 54) filed on October 24, 2008 and Defendant Carecore National, LLC's Motion to Dismiss Plaintiffs' Amended Complaint (Doc. # 55) filed on October 24, 2008. Plaintiffs oppose the motions. For the reasons set forth below, the Court finds that the motions are due to be GRANTED.

### **FACTS AND PROCEDURAL HISTORY**

Plaintiff Cynthia Ingram Tebbetts ("Mrs. Tebbetts") is an employee of Montgomery Imaging, LLC. Mrs. Tebbetts purchased a Blue Cross Blue Shield family health insurance plan entitled "Medical Association of the State of Alabama Group Health Care Plan" ("MASA"). This plan provided coverage to Mrs. Tebbetts and her husband, Plaintiff David

Tebbetts ("Mr. Tebbetts").  The MASA policy was issued by Defendant Blue Cross Blue Shield ("Blue Cross") and administered in part by Defendant CareCore National, LLC ("CareCore").

Montgomery Imaging chose MASA as the sole health insurance plan offered to its employees.  Montgomery Imaging established eligibility requirements its employees must meet in order to qualify to purchase the plan, including working at least thirty-two hours per week and having worked for Montgomery Imaging for at least sixty days. In addition, Montgomery Imaging pays 100% of the employee's individual premium.  If an employee elects family coverage, the employee pays the incremental premium for that additional coverage through payroll deduction. Montgomery Imaging also distributes enrollment forms and plan descriptions, which are provided by Blue Cross, to its employees.  Blue Cross invoices Montgomery Imaging for all of its employees' premiums each month, and Montgomery Imaging remits a check to Blue Cross each month to pay the premiums.

On September 13, 2006, Mr. Tebbetts consulted with a doctor because he was experiencing pain in his abdomen, and the doctor ordered a CT scan of Mr. Tebbetts' abdomen.  The doctor sought pre-approval from Defendants of the CT scan, but Defendants declined coverage.  Several days later, Mr. Tebbetts was taken to the hospital where a CT scan and ultrasound revealed that Mr. Tebbetts had a cyst on his pancreas that had caused his spleen to rupture.  Mr. Tebbetts' spleen was surgically removed.

On September 10, 2007, Plaintiffs filed the Complaint in the Circuit Court for

Montgomery County, Alabama, for damages arising out of Defendants' failure to approve the original request for a CT scan. Plaintiffs alleged that the claims they were bringing were outside the preemptive scope of ERISA. Consequently, Plaintiffs sought damages for breach of contract, bad faith, negligence and wantonness, loss of consortium, fraudulent misrepresentation, fraudulent suppression, and conspiracy under Alabama law. Blue Cross filed its Notice of Removal in this Court on October 15, 2007. Plaintiffs unsuccessfully sought remand arguing that the MASA group health insurance policy is not an "employee benefit plan" within the meaning of ERISA, and that Defendants' removal was procedurally defective. On September 2, 2008, this Court denied the motion to remand.

On September 15, 2008, Defendants filed a dispositive motion in which they argued that ERISA provides the exclusive remedy available to Plaintiffs with regard to administration of the plan. Defendants argued that because all of Plaintiffs' claims, as then articulated, arose under Alabama law they were preempted. After Plaintiffs filed the Amended Complaint, which is discussed in greater detail below, this initial dispositive motion was denied as moot.

Plaintiffs filed the Amended Complaint (Doc. # 51) on October 6, 2008. The factual predicate set forth in the Amended Complaint is largely unchanged. Plaintiffs allege that Defendants caused them harm by denying coverage under the Plan for a CT scan in September of 2006. Plaintiffs now alleged that the denial of the requested CT scan resulted from a scheme and conspiracy to change the manner in which benefits for CT scans, MIRS

and other diagnostic procedures are pre-approved in order to increase Defendants' profits. The Amended Complaint sets forth only two counts: breach of fiduciary duty under 29 U.S.C. § 1132(a)[1] and judicial estoppel. The Amended Complaint changed the type of relief sought by this suit from damages to declaratory and injunctive relief. Specifically, Plaintiffs now seek the following: (1) the removal of Defendants from their fiduciary roles in the administration of the Plan involved and the appoint of a special master, neutral committee, or other independent neutral body to substitute for those removed fiduciaries in the making of all determinations as to the entitlement of Plan benefits; (2) an injunction against Defendants prohibiting them from further breaches of fiduciary duties and directing them to exercise reasonable care, skill, prudence and diligence in the administration of the Plan; (3) an order finding Defendants jointly and severally liable for breach of fiduciary duty as described in the Amended Complaint; (4) an order requiring the reopening of each claim administered by CareCore and to re-administer such claims according to the terms of the Plan and to accurately determine whether the claimants are entitled to benefits according to the terms of the Plan; (5) an order establishing an administrative committee to audit and review Defendants' compliance with any injunctive or equitable relief and to further oversee and ensure that Plaintiffs and the class members receive a full, fair, and equitable review as

---

[1] It is worth noting that the Amended Complaint fails to specify which subsection or subsections of 29 U.S.C. § 1132(a) are invoked. Nonetheless, Plaintiffs' arguments in opposition to the motions to dismiss have made it plain that the only claim pursuant to 29 U.S.C. § 1132(a) which they are making is one pursuant to 29 U.S.C. § 1132(a)(3).

required by any ruling of this Court; (6) an order requiring each fiduciary to disgorge all profit made as a result of the violations of 29 U.S.C. §§ 1104, 1105 and the terms of the Plan; (7) an award of reasonable attorneys' fees and costs and expert fees; (8) any other equitable remedies allowed under the statute; and (9) any other such relief as may be deemed just and proper. The Amended Complaint also purports to seek relief on behalf of Plaintiffs and a proposed class of similarly situated individuals including all plan participants and beneficiaries of the MASA group health insurance policy.

After the Plaintiffs filed the Amended Complaint, Defendants filed their motions to dismiss. Those motions are now fully briefed and ready for ruling.

## JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1332(a), and 29 U.S.C. § 1132(e). Venue is proper in the Middle District of Alabama in that a substantial part of the events or omissions giving rise to the claims occurred within this district. *See* 29 U.S.C. § 1132(e)(2).

## LEGAL STANDARDS

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. Prior to the Supreme Court's decision in *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007), a motion to dismiss could only be granted if a plaintiff could prove "no set of facts . . . which would entitle him to relief." *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir.

1986). Now, in order to survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. While the factual allegations of a complaint need not be detailed, a plaintiff must nevertheless "provide the 'grounds' of his 'entitlement to relief' and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965. A plaintiff's "[f]actual allegations must be enough to raise a right to relief above a speculative level on the assumption that the allegations in the complaint are true." *Id*. It is not sufficient that the pleadings merely "le[ave] open the possibility that the plaintiff might later establish some set of undisclosed facts to support recovery." *Id.* at 1968 (internal quotation and alteration omitted). In considering a defendant's motion to dismiss, a district court will accept as true all well-pleaded factual allegations and view them in a light most favorable to the plaintiff. *See Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). *Accord, Nelson v. Campbell*, 541 U.S. 637, 640 (2004) (where a court is considering dismissal of a complaint at the pleading stage, it must assume the allegations of the complaint are true).

## DISCUSSION

**A. Count One -**

Defendants contend that Count One of the Amended Complaint must be dismissed because Plaintiffs are not entitled to relief under 29 U.S.C. § 1132(a)(3)[2] because 29 U.S.C.

---

[2] This provision is also known as § 502(a)(3) of ERISA.

§ 1132(a)(1)(B)[3] afforded Plaintiffs an adequate remedy. Plaintiffs dispute this contention and insist that they are entitled to elect to proceed only with a claim pursuant to 29 U.S.C. § 1132(a)(3). For the reasons that follow, the Court finds that Defendants' contention is correct in the circumstances of this case.

ERISA is a comprehensive legislative scheme with integrated systems of procedures for enforcement which provides a uniform regulatory regime over employee benefit plans. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004). As part of that scheme, § 1132(a)(3), the provision which Plaintiffs invoke, provides:

> A civil action may be brought by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of this plan.

29 U.S.C. § 1132(a)(3). Congress intended this provision to be a "catchall" that would act "as a safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy." *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996). This provision authorizes some individualized claims for breach of fiduciary duty, but under precedents handed down by the Eleventh Circuit Court of Appeals, not where plaintiffs had a cause of action based on the same allegations under § 1132(a)(1)(B) or ERISA's other more specific remedial provisions. *See, e.g., Jones v. Am. Gen. Life & Accident Ins. Co.*, 370 F.3d 1065, 1073-74 (11th Cir.), *reh'g denied,* 116 Fed. Appx. 24 (11th

---

[3] This provision is also known as § 502(a)(1)(B) of ERISA.

7

Cir. 2004); *Ogden v. Blue Bell Creameries U.S.A., Inc.*, 348 F.3d 1284, 1286-88 (11th Cir. 2003); *Katz v. Comprehensive Plan of Group Ins., ALLTEL*, 197 F.3d 1084, 1088-89 (11th Cir. 1999) *reh'g denied 209 F.3d 726* (11th Cir. 2000). *Accord, Nolte v. BellSouth Corp.*, No. 1:06-cv-762-WSD, 2007 WL 120842, *3-*7 (N.D. Ga. Jan. 11, 2007).[4]  In light of these cases, it is clear that this Court must determine whether the allegations supporting the § 1132(a)(3) claim were also sufficient to state a cause of action under § 1132(a)(1)(B), regardless of the relief sought.  370 F.3d at 1073.  Thus, the fact that Plaintiffs have recast the relief they seek from claims for damages into claims for equitable relief, the Court must focus on whether the factual predicate for their claim could have supported a cause of action under § 1132(a)(1)(B).  That section provides:

> A civil action may be brought - (1) by a participant or beneficiary-... (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

29 U.S.C. § 1132(a)(1)(B).  The Supreme Court has explained that

> [t]his provision is relatively straightforward.  If a participant or beneficiary believes that benefits promised to him under the terms of the plan are not provided, he can bring suit seeking provision of those benefits.  A participant or beneficiary can also bring suit generically to "enforce his rights" under the plan, or to clarify any of his rights to future benefits.

---

[4] While not decided under the Eleventh Circuit Court of Appeals' application of the relevant precedents, it is also noteworthy that other courts have reached a similar result.  *See, e.g., Estate of Spinner v. Anthem Health Plans of VA*, 589 F. Supp. 2d 738, 746-49 (W.D. Va. 2008); *Gallagher v. CIGNA Healthcare of ME, Inc.*, 538 F. Supp. 2d 286, 296-97 (D. Me. 2008);

*Davila*, 542 U.S. at 210. Moreover, immediately upon the denial of benefits under an ERISA-governed health care plan, a participant or beneficiary can pay for the treatment themselves and seek reimbursement through a § 1132(a)(1)(B) action or can seek a preliminary injunction in a suit filed pursuant to that provision. *Id.* at 211.

In the case at hand, it is plain that all of Plaintiffs' complaints against Defendants arise out of a denial of coverage for a CT scan. Upon that denial, Plaintiffs could have paid for the test themselves and then sought reimbursement through a § 1132(a)(1)(B) action or file such an action seeking a preliminary injunction. They could have filed suit pursuant to § 1132(a)(1)(B) seeking clarification of their rights to future benefits under the terms of the plan. Plaintiffs elected not to pursue their remedies under § 1132(a)(1)(B), but the remedies were available to them. Because Plaintiffs had an adequate remedy under § 1132(a)(1)(B), they cannot assert a § 1132(a)(3) claim even if their § 1132(a)(1)(B) has been lost. *See Ogden*, 348 F.3d at 1287; *Katz*, 197 F.3d at 1089. Thus, Plaintiffs' claim pursuant to § 1132(a)(3) is due to be DISMISSED.

## B. Count Two - Equitable Estoppel

Defendants contend that Count Two of the Amended Complaint must be dismissed because Plaintiffs have failed to sufficiently plead the necessary facts to support a claim for equitable estoppel. Plaintiffs make no response in opposition to this contention. "This circuit has created a very narrow common law doctrine under ERISA for equitable estoppel." *Katz*, 197 F.3d at 1090 (citing *Glass v. United of Omaha Life Ins. Co.*, 33 F.3d 1341, 1347

(11th Cir. 1994) and *Kane v. Aetna Life Ins.*, 893 F.2d 1283, 1285-86 (11th Cir.), *cert. denied*, 498 U.S. 890 (1990)). Such a claim for equitable estoppel under ERISA is "only available when (1) the provisions of the plan at issue are ambiguous, and (2) representations are made which constitute an oral interpretation of the ambiguity." *Id.* Having reviewed the Amended Complaint, the Court cannot find that Plaintiffs have alleged enough facts to state a claim of equitable estoppel under ERISA to show that relief that is plausible on this claim and they have certainly not presented a complaint which on its face provides the grounds of their entitlement to relief on this claim. Accordingly, the motions to dismiss are due to be GRANTED as to Count Two of the Complaint.

## CONCLUSION

For the reasons set for above, it is hereby ORDERED that

(1) Defendant Blue Cross and Blue Shield of Alabama's Motion to Dismiss (Doc. # 54) is DENIED.

(2) Defendant Carecore National, LLC's Motion to Dismiss Plaintiffs' Amended Complaint (Doc. # 55) is DENIED.

DONE this the 26th day of June, 2009.

/s/ Mark E. Fuller

CHIEF UNITED STATES DISTRICT JUDGE